A. A. MOULDER v. STATE.

No. A-1829.   Opinion Filed November 8, 1913.

1. **INTOXICATING LIQUORS—Illegal Possession—Evidence—Revenue-License.** A certified copy of the record of the collector of internal revenue, showing that a defendant has paid the special tax required of liquor dealers by the laws of the United States, is admissible as evidence in a prosecution· for having liquor in possession with intent to sell same, and constitutes prima facie proof of the intent to sell.

2. **SAME.** Evidence examined and held sufficient to sustain a conviction for having possession of intoxicating liquors with the intention of violating provisions of the prohibition law.

*Appeal from County Court, Pawnee County;*

*Fred S. Liscum, Judge.*

A. A. Moulder was convicted of a violation of the prohibition law and appeals. Affirmed.

*Welza G. Fairchild,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson* and *C. J. Davenport,* Asst. Attys. Gen., for the State.

DOYLE, J. This appeal is prosecuted from a conviction had under an information which charged that the defendant did have possession of intoxicating liquors, with the intention of violating provisions· of the prohibition law. On July 22, 1912, in accordance with the verdict of the jury the defendant was sentenced to be confined in the county jail for thirty days and pay a fine of $400. The evidence shows that the defendant received a shipment of seven barrels of beer and a barrel of whisky from the station agent at Keystone; that in order to receive such shipment he made the following affidavit:

"Keystone, Okla., May 6, 1912. To all concerned: In order to obtain a shipment of seven barrels of beer and one barrel of whisky by freight from the agent at Keystone, Okla., I hereby make affidavit and take oath that I am a resident of Keystone, and do not live in that part of the state formerly the old Indian Territory."

—and that he also received several shipments of liquor by express.

It is further shown that the defendant paid a month's rent to one G. W. Hickman. It is further shown by a witness who had lived at Keystone for about twenty years that he never knew defendant being there until Mr. Hickman said that defendant had a room at his house. The state also introduced in evidence a certified copy of the record of the collector of internal revenue showing the payment of the special tax required of retail liquor dealers. It shows that the tax was paid by "Order of Owls. A. A. Moulder, Place, Sapulpa, Okla." The defendant offered no evidence.

Numerous errors are assigned, but in our judgment the only material question not substantially covered by former decisions of this court, is the question arising on the sufficiency of the evidence to sustain the conviction.

This court takes judicial notice of the location of the towns and cities of Oklahoma, and judicially knows that the town of Keystone is in the southeast corner of Pawnee county, and that the city of Sapulpa is in the northeast corner of Creek county; Keystone being in what was formerly Oklahoma Territory and Sapulpa in what was formerly Indian Territory. We think that the fair inference from the facts proved is that the shipment was received at Keystone for transportation to Sapulpa, and we cannot say that the verdict is contrary to the evidence and the law, or that justice requires a new trial. The judgment of conviction is therefore affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.