## ROGERS GLANCE v. STATE.

No. A-10973.    March 16, 1949.

(204 P. 2d 296.)

W. L. Steger, of Durant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., and Lewis T. Martin, Co. Atty., Bryan County, of Durant, for defendant in error.

BAREFOOT, J.   This appeal is from a judgment of the county court of Bryan county, entered in pursuance of a verdict of a jury finding Rogers Glance guilty on a charge of illegally transporting 96 pints of whisky, and fixing his punishment at confinement in the county jail for 30 days, and a fine of $50.

The only assignment of error presented in the brief is that the court erred in overruling the defendant's motion to suppress the evidence.

The information in this case was filed on July 3, 1947, and on July 22 the defendant filed a motion to suppress the evidence.   The case was called for trial on July 25, a jury selected, the opening statement made by the county attorney; and the jury was excused and the motion to suppress presented.

In the motion to suppress, the defendant states: "that part of said property was seized against his will and without a search warrant, and that the remaining part of said property was seized against his will and with a search warrant that was void, illegal, and not issued in accordance with the laws of the State of Oklahoma."   Attached to his motion is a schedule of the property of which he is the owner, and this schedule lists: "Ninety-six pints of tax paid whisky."

The record discloses that the officers of Bryan county had received word that the defendant was on his way to Durant with a load of liquor, for delivery to a Mrs. Disheroon. One of the sheriff's deputies procured a search warrant for "A motor car, tag No. DZ 9227, Texas License, 1941 Model Buick Maroon Convertable Coupe." Later in the evening the sheriff and five of his deputies concealed themselves near the place of business of Mrs. Disheroon. The defendant drove in from the south, and turned in between two garages. There was a junkyard in the rear. The defendant got out of his car, leaving the motor running, and walked toward the corner of the building. When he had gone approximately 75 feet from his automobile, he evidently saw one of the deputies, and started to run, but was stopped by deputy W. T. Templeton. There was a carton of whisky, open and in full view, on the front seat of the automobile.

In support of the motion to suppress, the defendant offered two witnesses, C. H. Parker and W. T. Templeton, both deputy sheriffs.

Mr. Parker testified to making the affidavit for, and procuring the search warrant, between 4 and 5 o'clock in the afternoon, and that he had the search warrant in his possession when the defendant drove up. He testified that Mr. Templeton stopped the defendant when he started to run, and witness immediately told him that he had a search warrant and wanted to check the tag number on his car. They walked back to the car, the sheriff and other deputies coming up at the same time. The tag number on the automobile corresponded with that on the search warrant. Mr. Parker testified:

"Q. Did you tell Rogers Glance that you had a search warrant? A. I did. Q. Right at that time? A. I did. Q. Did you give it to him? A. Had it in my hand and

he turned to the car and he handed it back, and I told him, as quick as we checked the number, I said, 'Here is the search warrant.' The Court: Did I understand you to say you offered him the search warrant? A. I said, 'Here is the search warrant for the car.' He turned, something was said,—he turned. He didn't take it. Q. (By the attorney) Did he see what was there? Did you hand the search warrant right out to him? A. Had it in my hand. Handed it right out like that (indicating). There was not anything to keep him from it."

This witness further testified that two of the deputies immediately took the defendant to jail, and this witness and another deputy took his automobile to a garage, and there found an additional 84 pints of liquor in the car. That within 15 or 20 minutes after he had offered the search warrant to the defendant, he went up to the jail and gave the search warrant to Rube Meeks, the jailer, and told him to take it up to the defendant.

W. T. Templeton testified to defendant driving in between the garages and getting out of his car. That defendant walked to within about 15 feet of the witness, then started to run. Witness told him to "stop and put your hands up", and defendant complied. This witness saw Deputy Parker offer the search warrant to the defendant. He testified:

"A. No, Mr. Glance didn't take the search warrant. Mr. Parker offered him the search warrant, but he never did take it. He said, 'That is all right.' Mr. Parker offered him the search warrant."

The state called the sheriff, Cliff Keirsey, on the motion to suppress. He testified that they had been informed that defendant was going to deliver whisky to "old lady Disheroon" that night, and that defendant had been delivering there before. He and five of his

deputies, after procuring the search warrant, concealed themselves near her place. He corroborated the testimony of the two deputies. The sheriff was in his automobile, parked on the street, and drove in behind the defendant, blocking the drive, and with his lights shining on the defendant and his automobile. He testified:

"Q. Did you see Mr. Parker hand or try to hand Glance the search warrant? A. I seen him try to hand it to him. The officer said, 'I have got a search warrant,' and I thought he handed it to him. He said, 'I have got a search warrant for the car.' And I seen it was the right tag number of the car. And I seen this lug of whisky laying in the car as quick as I went up to the car there. And Bill was pushing him back. He started to run. He said, 'This is all the whisky I have got.' We said, 'You ought to have some more whisky.' We brought him to the service station and found—I believe it was 84 pints."

The defendant did not testify on the motion to suppress, or in his own behalf at the trial.

Defendant in his brief does not question the validity of the affidavit, or the search warrant.

The sheriff and three of his deputies testified in the trial before the jury. They all testified to seeing the package of liquor, open, on the front seat of defendant's automobile when they reached it. The sheriff testified that the defendant claimed the car, and that it had been delivered to him.

We are of the opinion that search of defendant's automobile was justified under the search warrant, and that the tender of the warrant to defendant was sufficient. His refusal to take the search warrant into his hand would in no wise justify holding that it was not served on him. To so hold would put it within the power of

a defendant to defeat the purpose of the law by refusing or failing to accept a search warrant tendered him. No such construction should be placed upon the statute.

The only witness offered by the defendant on the trial was W. T. Templeton, and he testified that he arrested the defendant when he started to run, and that he did not find any weapons of any kind on him.

The evidence would have justified the officers in searching the automobile, for the reason they saw the whisky in the car, and after the arrest, in searching the person of defendant, and his immediate surroundings. Sands v. State, 36 Okla. Cr. 55, 252 P. 72; Edwards v. State, 81 Okla. Cr. 296, 164 P. 2d 245; Matthews v. State, 67 Okla. Cr. 203, 93 P. 2d 549; Nott v. State, 70 Okla. Cr. 432, 107 P. 2d 366; Young v. State, 71 Okla. Cr. 112, 108 P. 2d 1028.

Under all the facts as brought out on the hearing of the motion to suppress, we are of the opinion that the court committed no error in overruling the same.

The judgment of the county court of Bryan county is affirmed.

JONES, P. J., and BRETT, J., concur.