## PHINNEY v. STATE.

No. A-11049.   Sept. 14, 1949.

(210 P. 2d 205.)

H. Tom Kight, Jr., Claremore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, J. The defendant, Lloyd Phinney, was charged by an information filed in the county court of Rogers county for the crime of unlawful possession of intoxicating liquor, which offense was alleged to have been committed in said county on the 14th day of November, 1947, by unlawfully having in his possession 83 pints and 42 fifths of whisky. The case was tried to a jury, and the defendant was convicted and punishment assessed by the jury at a fine of $200 and 30 days in jail. Thereafter judgment and sentence was by the court rendered accordingly.

The defendant on appeal sets out eleven assignments of error, which are involved in argument of two principal propositions. On trial before a jury the state produced two witnesses, Glen Pike and O. K. Bevins, who were investigators with the Department of Public Safety. The defendant, Lloyd Phinney, did not take the witness stand, and did not put on any testimony, but relied solely upon a demurrer to the evidence.

The evidence brought out that on the night of November 13, 1947, the two arresting officers went to "The 66 Club", located southwest of Claremore on U. S. Highway 66, for the purpose of making an investigation relating to the sale or possession of liquor. They testified that when they drove up to the northwest corner of the building, the door was standing about half open and their carlights shown on five or six empty cases. One case was on the floor and had been opened, and was half full of whisky, which was in plain view of the officers. They further testified that they went around to the main entrance and went inside and obtained a mixed drink from a fellow by the name of Handley. They testified that they saw displayed in the building a federal liquor license in the name of Lloyd Phinney, but they did not state what

address was on the license, and the license was not offered in evidence. The proof showed that the defendant was not present at "The 66 Club" at the time the officers were there. They seized the whisky in question and placed Handley under arrest, and delivered the whisky to the sheriff of Rogers county. The only evidence introduced to connect Phinney as being the operator of "The 66 Club" or the owner of the whisky was the federal license, not introduced in evidence, and the testimony of one officer that he had been in this place on another occasion and had talked to Mr. Phinney about gambling. How long prior to the raid in question was not stated. There was no testimony that Phinney had admitted being the operator of the Club. An attempt was made to prove by one of the officers that Handley, the bartender, had said to the officers that the whisky found belonged to the defendant, Phinney, but this evidenec was properly ruled out as being hearsay. No employee of the Club was called as a witness to show who was operating the business, and there was no evidence as to whom the personal property was assessed, who was paying the sales tax, personal tax, or in whose name other licenses, if any, might have been. It was shown by the evidence that the officers did not have a search warrant for the place.

The 66 Club was a public place, the officers had a right to be there, and a search warrant, under the evidence, was unnecessary. See: Glance v. State, 89 Okla. Cr. 1, 204 P. 2d 296, and particularly the cases therein cited; also Passmore v. State, 87 Okla. Cr. 391, 198 P. 2d 439.

Counsel for defendant argues as his main proposition:

"That the search, seizure and arrest as set forth in the complaint in the above entitled cause, and as testified to, was unlawful and the testimony of the witnesses was wholly inadmissible for the reason that it covered acts beyond the duties, authority and power of the Highway Patrol of the State of Oklahoma, which are set forth in Title 47 O.S.A. § 366."

Counsel then quotes the entire statute. It became effective April 20, 1937.

The defendant first argues that the court erred in overruling the motion to suppress evidence. There is nothing in the record to show where any evidence was introduced by the defendant in support of the allegations of his motion. The burden rested upon the defendant to prove the allegations of his motion to suppress. This objection is without merit. See: Plumlee et al. v. State, 78 Okla. Cr. 201, 146 P. 2d 139.

But defendant further points out that the only evidence of the state, and all the evidence, was that of two investigators of the Department of Public Safety, and it is argued that they exceeded their authority and power in seizing the liquor in question and in arresting the defendant, and for such reason, the court erred in refusing to sustain the defendant's motion to suppress the evidence. This proposition has been by this court decided contrary to the contentions of the defendant. See: Mitchell v. State, 74 Okla. Cr. 416, 127 P. 2d 211, holding:

"Under Title 74, § 149, O. S. 1941, the officers and members of the State Highway Patrol and such other officers and investigators as the Commissioner of Public Safety shall designate shall have the authority of other peace officers, including the right and power of search and seizure, but excluding the service of civil process."

This rule has been approved in Bowdry v. State, 82 Okla. Cr. 119, 166 P. 2d 1018, and Winger v. State, 88 Okla. Cr. 174, 201 P. 2d 264.

Defendant calls attention to Tit. 47 O. S. 1941, subdivision 10 of sec. 366, sec. 16, ch. 50, art. 4, p. 330, S. L. 1937, reading:

"State Highway Patrolmen shall not have the right or power of search nor shall they have the right or power of seizure, except to take from any person under arrest or about to be arrested deadly or dangerous weapons in the possession of such person. No State official shall have any power, right or authority to command, order or direct any Patrolman to perform any duty or service not authorized by this Act."

Defendant contends that the above statute that became effective April 20, 1937, has not been repealed and is the law in Oklahoma at this time, and that by reason thereof the Department of Public Safety is without right or power to search for or to seize intoxicating liquors. The cases that we have cited above do not give consideration to the above subdivision of 47 O.S.A. § 366.

The Attorney General calls attention to the fact that on March 21, 1939, Senate Bill 31 was enacted, Ch. 24, Art. 6, p. 77, S. L. 1939, and being 74 O. S. 1941 § 149. The bill was entitled:

"An Act abolishing the Bureau of Criminal Identification and Investigation; transferring the duties, records, equipment, supplies, furniture and property of said Bureau to the Department of Public Safety; imposing further duties upon and vesting further powers in the Department of Public Safety; repealing Sections [4731 to 4143] and [4146 to 4148] of Oklahoma Statutes, 1931."

We are faced with the fact though the Act expressly repeals certain sections above set out, it does not contain a general clause repealing all acts or parts of acts

in conflict therewith. There is a conflict in the provisions of said Acts. We would point out that the Act of 1937 pertained strictly to the State Highway Patrolmen and was intended to limit their powers and duties in making arrests, searches and seizures, and clearly the Legislature did not intend by such Act to limit the powers and duties of Investigators of the Bureau of Criminal Identification, which was in 1937 functioning as an independent department of state government.

We hold that the provisions of the 1939 Act prevail over the provisions of the 1937 Act, and repeal the conflicting provisions by implication, and that the power and duties of investigators and members of the Highway Patrol, in making searches and seizures in liquor cases, and in all criminal matters, are governed by the provisions of Sec. 149 of Title 74 O. S. 1941, above quoted.

See: Ex parte Olden, 88 Okla. Cr. 56, 199 P. 2d 228, 229, wherein it is held:

"1. Where the Legislature takes up a whole subject anew, and covers the entire ground of the subject matter of a former statute, and evidently intend it as a substitute for it, the prior act will be repealed thereby, although there may be no express words to that effect, and there may be in the old act provisions not embraced in the new.

"2. In construing two statutes relating to same subject, later statute purporting to revise entire subject matter and containing additional provisions for carrying into effect same objects, will be construed to repeal by implication the former statute although no reference is made thereto.

"4. Where one was authorized to codify existing laws but the authority was expressly withheld to include any statute which had been 'repealed' or 'held unconstitutional by the highest courts,' and such a statute was in-

advertently included, adoption of statutes did not have effect of validating the statute inadvertently included."

We are now confronted with the most difficult question in this case. The defendant in his brief urges:

"That the testimony was insufficient to support a verdict of conviction for the reason that there was no competent testimony connecting the defendant with the place of business nor the possession of the whisky."

As heretofore indicated, the defendant was not present when The 66 Club was searched, and the closest evidence connecting the defendant with the Club and the whisky was the evidence of Officer Pike, who stated in substance that prior to the seizure of the whisky he had been out at the Club and had talked to the defendant about gambling, but how many days, weeks or months prior to the seizure was not stated, and it was not stated that even in the conversation in question the defendant admitted having any connection with the Club. He might have been a customer. It is true that the officers testified they found a federal liquor license displayed on the back bar and in the name of Lloyd Phinney. The license was not offered in evidence and there was no evidence as to any address on the license. The defendant was not there. The license could have covered some other location, or the defendant might not at the time have been operating the place, even if at one time he had been the operator. Officer Bivins on cross-examination finally admitted that his statement that the whisky belonged to the defendant was based on hearsay.

It would have been so easy to have called some employee of the Club to show who was in charge and who paid the help, or to have shown by competent evidence who paid the rent, if rented, and if Phinney was the owner, who assessed the real and personal property for taxes,

and who paid such taxes, who paid the telephone bill, if any telephone, or in whose name any other license might have been. Apparently the prosecution seems to have just taken the matter for granted as to who was the operator of The 66 Club, and the jury must have known or else been influenced by the hearsay evidence of Officer Bivins, who testified that the man Handley, who served the officers mixed drinks at the Club, had told the officers that the whisky belonged to the defendant, Phinney. This statement by the officer had been properly stricken as hearsay.

A number of times the attorney for the defendant asked the officers questions on cross-examination concerning the ownership of the liquor, where, if answers had been given, the defendant might have been connected as the operator of the Club, but on objection of the county attorney, the officers were not permitted to answer.

We fail to find any competent evidence connecting the defendant with The 66 Club, or as owner of the liquor taken therefrom. It is true that Title 37 O.S.A. § 81 provides:

"The payment of the special tax required of liquor dealers by the United States by any person within this State, except local agents appointed as hereinbefore provided, shall constitute prima facie evidence of an intention to violate the provisions of this Chapter."

This court, however, has held that it is also necessary for the state to prove the possession of the intoxicating liquor as alleged in the information. See Robinson et al. v. State, 66 Okla. Cr. 139, 90 P. 2d 54, 55.

For the reasons hereinabove stated, the judgment of the county court of Rogers county is reversed and remanded. If the county attorney is able to secure addi-

tional evidence showing that defendant was the operator of "The 66 Club" at the time the liquor was obtained by the two investigators from the Department of Public Safety, then he is authorized to re-try the defendant. If no other or additional proof may be presented, other than as shown by the record herein, it is directed that the action be dismissed.

JONES, P. J., and BRETT, J., concur.