KING v. STATE.

No. A-11290.   Sept. 27, 1950.

(222 P. 2d 771.)

268

Robert O. Swimmer, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Grady King, was charged by an information filed in the court of common pleas of Oklahoma county with the offense of unlawful possession of intoxicating liquor, to wit:   1,800 pints of tax-paid whisky and gin, was tried, convicted, and pursuant to the verdict of the jury was sentenced to serve 30 days in the county jail and pay a fine of $50 and costs; and has appealed.

We shall consider the assignments of error in the order in which they are presented in defendant's brief. It is first contended that the court erred in overruling the motion to suppress evidence filed and presented by de-

fendant prior to the trial. The basis for this motion was that the warrant described premises upon which were located two or more dwelling houses; that it was impossible for the officers to determine from the warrant just what property they were directed to search.

The particular property as described in the warrant is as follows:

"A frame dwelling house and frame barn and frame out bldgs located in the NE¼ of Sec. 17-13 N R 1 W in Springer T. S. Okla Co Okla."

At the hearing on the motion to suppress evidence L. H. Kolb, deputy sheriff of Oklahoma county, testified that on March 20, 1949, he went to the premises described in the warrant, served a copy of the warrant on Mr. McNutt, who was there at the house and in possession of it; that he searched the house and found 1,800 pints of intoxicating liquor in one of the rooms; that Mr. McNutt told the officers he had rented this particular room to the defendant and in the officer's presence McNutt called the defendant, and shortly thereafter the defendant came to the sheriff's office and claimed the whisky and told the officers that McNutt had nothing to do with the whisky.

The defendant then testified on the motion to suppress evidence that the search warrant did not accurately describe the premises because, "that man out there has 220 acres and the search warrant only describes 160 acres". He further said that there were two dwelling houses on the 220 acres owned by that man, whose name he could not recall. He further testified that in his opinion the two houses were within one-half mile of each other and were both in the same quarter section of land. The defendant was very confused in his testimony and admit-

ted that he did not know the legal description of the property as far as the section, township, and range was concerned, and did not know whether it was located on the section line. He related that he got his information from a tax receipt which the owner of the land showed to him, but could not recall whether the tax receipt described two parcels of land.

The warrant is directed to a search of a frame dwelling house and frame barn and frame out-buildings located in a particular quarter section of land. It is not directed to a search of the full quarter section of land but particularly to the buildings described in the warrant. If there were more than one set of buildings in the quarter section described in the warrant, which dwelling houses and buildings were owned or in the possession of persons other than defendant, there would be substantial merit to the contention of defendant. But the evidence of defendant alone is so ambiguous, conflicting and uncertain that it was impossible for the trial court to determine from such testimony that there were actually two sets of dwelling houses and out-buildings on the quarter section described in the warrant. The burden of proof being upon the movant to introduce evidence to show the invalidity of the search, it follows that where he fails to sustain the burden the motion to suppress the evidence should be denied.

It is next contended that the court erred in admitting in evidence state's exhibits 1 and 2, the same purportedly being certified copies of a retail and wholesale liquor dealer's licenses that had been issued to the defendant. The basis for this contention was that there was no writing on the face of either exhibit showing that they were in full force and effect on the date of the seizure of the whisky in question. Citing Tucker v. State,

9 Okla. Cr. 555, 132 P. 689, and Trotter v. State, 77 Okla. Cr. 368, 141 P. 2d 812.

Each of these certificates as certified by the Collector of Internal Revenue shows they were issued on June 25, 1948, and were to be effective from July, 1948. Attached to defendant's motion for new trial was a photographic copy of the license in question which recites that it was effective from 7-1-48 to 6-30-49. Under the statute the license issued to defendant showing payment of the special tax required of liquor dealers by the United States Government was admissible in evidence as constituting prima facie evidence of an intent on the part of the defendant to sell the intoxicating liquor in question. 37 O.S. 1941 § 81. A certified copy of the record of the Collector of Internal Revenue showing payment of this special tax has been held to be admissible as evidence in a prosecution for illegal possession of intoxicating liquors. Moulder v. State, 10 Okla. Cr. 252, 138 P. 815. In the instant case the defendant admitted the possession and ownership of the large amount of whisky that was seized. There was no contention made at the trial that he had it for any other purpose than to violate the provisions of the prohibitory laws of Oklahoma, so under any reasonable view of the record the admission of this evidence would have been harmless error because defendant was given the minimum sentence. Furthermore, this court will take judicial notice that the federal retail and wholesale liquor stamps are issued for the period beginning July 1st and ending June 30th of the following year. 26 U.S.C.A. § 3274. There was no effort made at the trial to show that the licenses were not in full force and effect.

Counsel further contend that the assistant county attorney made prejudicial remarks in his argument to the

272

jury wherein he referred to the possession of these federal licenses, and requested the jury to find the defendant guilty, and fix the punishment at the maximum sentence of six months in the county jail and a fine of $500. It could hardly be said that the prosecutor's argument impressed the jury, for in spite of the fact that the proof showed that the defendant was one of the largest whisky dealers in Oklahoma and that he was engaged in both the wholesale and retail liquor business with a farm house rented in which to store huge quantities of his illegal contraband, the jury fixed the penalty at the ridiculous and pitifully inadequate minimum of 30 days in jail and a fine of $50, which penalty is generally meted out to first offenders who are caught with only a small quantity in their possession. Penalties such as here given tend to encourage rather than discourage the business of handling whisky.

There is no substantial error in the record and the judgment and sentence of the court of common pleas of Oklahoma county is affirmed.

BRETT and POWELL, JJ., concur.