# SYKES v. STATE.

No. A-11382. Nov. 21, 1951.

(238 P. 2d 384.)

J. A. Rinehart and A. Francis Porta, El Reno, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

JONES, J.  The defendant, William Boyd Sykes, was charged in the district court of Canadian county with the crime of illegal possession of intoxicating liquor, a second offense; was tried; convicted; and pursuant to the verdict of the jury was sentenced to serve five months in the county jail and pay a fine of three hundred dollars; and has appealed.

Two propositions are presented in the brief of counsel for defendant. First, the trial court erred in overruling the motion to suppress evidence. Second, the county attorney was guilty of prejudicial misconduct in his closing argument to the jury.

The record discloses that the defendant was arrested on May 21, 1949, and taken before a Justice of the Peace where a complaint was filed against him, charging him with the felony of illegal possession of whiskey, a second offense. A highly excessive bond in the sum of $20,000 was fixed by the magistrate, but later this order was revised and the defendant was released on $750 cash bond. A preliminary examination was waived and the defendant was ordered held to await trial in the district court.

When the case came on for trial in the district court both sides announced ready for trial and a jury was empaneled and sworn to try the cause. Whereupon, at that time counsel for defendant made the following motion:

"Comes now the defendant and moves the Court to suppress the evidence, to-wit, 30 pints of whiskey, in this case for the reason that same was not obtained by a true and legal and constitutional search of the premises and home of defendant, but under and by virtue of an illegal search and seizure, upon an illegal search warrant, not regularly issued, dated and signed by a magistrate pursuant to an affidavit as to there being probable cause that the defendant's home was a place of public resort. Mr. Reporter, mark this exhibit. (Whereupon, the instrument offered was marked for identification as Defendant's Exhibit 1.)

"And I offer in support of that motion, copy of the search warrant which shows that although it was signed by the justice of peace in ink, the date was apparently inserted with pencil in some other handwriting, and at a different time and place.  .  *      *      *      *      *      *

16

"The Court: Let it be admitted.

"* * *

"Mr. Rinehart: And we also offer in evidence the original affidavit upon which such warrant was issued, and same is offered in support of this motion and upon its face shows that same is insufficient, except on the manner of the information, to show probable cause for the issuance of a warrant for the search of defendant's home, and also shows on its face that the same was dated by a person other than the one who had the search warrant, in different handwriting. Mark this, please.

* * * * * * *

"The Court: Let it be admitted. Motion will be overruled."

As shown by the record, no further evidence was introduced in support of the motion to suppress other than the introduction of the affidavit for the search warrant and the search warrant.

It is not argued in support of the first assignment of error that the affidavit or warrant were either insufficient, but it is contended that the evidence taken at the trial showed that the search was illegal for the reason that a case of the whiskey was seized by Officer Hayward at the rear of the home of the defendant prior to the time he served the warrant on defendant, and six bottles of whiskey were seized by Officers Lorenzen and Woods as they entered the home by breaking the latch on the front door at a time before the search warrant had been served on the accused.

It is established law that the burden is upon the movant to introduce evidence to show the invalidity of the search. The law presumes the legality and regularity of all proceedings and accused charged with a violation of the prohibitory laws who raises the question of the invalidity of the search and seizure of contraband must assume the burden and introduce evidence to show the invalidity of the search. Clasby v. State, 78 Okla. Cr. 45, 143 P. 2d 430; Phinney v. State, 90 Okla. Cr. 21, 210 P. 2d 205; King v. State, 92 Okla. Cr. 267, 222 P. 2d 771; Combs v. State, 94 Okla. Cr. 206, 233 P. 2d 314.

At the trial of the case the evidence of the state showed that Sheriff Palmer, together with Deputy Sheriffs Hayward, Lorenzen, and Woods, procured a warrant to search the premises occupied by the defendant, which had formerly been a filling station on the public highway, but at the time of the search was occupied by the defendant as a residence. When the officers arrived at the premises of the defendant, pursuant to a prearranged plan, the sheriff and Deputy Hayward went to the rear door and Deputies Lorenzen and Woods went to the front door. The search warrant was in the hands of Deputy Hayward. The proof showed that as the two officers reached the rear of the house the defendant came through the rear door carrying a case of Old Quaker whiskey in his arms. Officer Hayward said, "I'll take that", and the defendant handed the case of whiskey to the officer who sat the case down between his legs and handed the search warrant to the defendant. Officers Lorenzen and Woods, who went to the front door, testified that they rapped on the windowpane and rattled the door and demanded that the door be opened; that they heard bottles rattling on the inside of the house, that the persons on the inside of the house did not open the door, and Officer Lorenzen broke the latch on the door and they entered the house and found six pints of I. W. Harper whiskey lying on a cot near the door. Although the assertion is made in the brief of defendant that the entry into the house was made prior to the service of the warrant, the record does not so disclose. Officer Hayward stated that he did not know whether the warrant had been served, but Officer Woods, who was with him, testified as follows:

"Q. Go ahead? A. So I called to the person inside to open the door, that we had a search warrant. About that time I saw Mr. Hayward come back around the building and place a carton in Mr. Palmer's car, and Mr. Lorenzen opened the door and we went in and found 6 bottles of whiskey lying on a cot there."

Under the decisions of this court it has been held that the right to assert the invalidity of a search and seizure of contraband is personal to the accused and is a right which he may waive by not making timely assertion of it. Sears v. State, 79 Okla. Cr. 437, 156 P. 2d 145.

The only evidence introduced by the defendant on his motion to suppress the evidence was to introduce the affidavit upon which the search warrant was based, and the search warrant. No facts pertaining to the search and seizure were introduced. At the commencement of the trial counsel objected to the introduction of any evidence, "for the reasons set forth in their motion to suppress". No evidence was introduced at that time and the motion was overruled. All of the evidence to which complaint is now made was admitted during the trial of the case without any objection being interposed that such evidence was illegally obtained. Furthermore, under any view of the record, we cannot sustain the contention that the seizure of the case of whiskey was illegal, although there is some merit to the assertion of counsel for defendant that the entry into the house and seizure of the six pints of whiskey was unlawful.

It has been held by this court that it is the better practice for officers to serve a copy of the warrant upon the person in possession of the premises before the search is commenced, but that personal service of the warrant before the search is commenced is not essential to a valid search and seizure, and that circumstances may arise where neither the law nor common sense would require an officer to serve a warrant before seizing the whiskey. Thompson v. State, 89 Okla. Cr. 383, 208 P. 2d 584. We think such circumstances were present at the time the case of whiskey was seized and the officers were acting in a lawful manner when they obtained it from the accused.

All of the closing argument of the county attorney is enclosed in the record. It was a very able and forceful argument, but during the latter part of his talk he became over exuberant and made certain statements which apparently went beyond the limits of legitimate argument. We can see from a reading of the argument of the county attorney that a great portion of his argument was in answer to remarks made by counsel for defendant in their arguments to the jury. Their arguments are not included in the record. The particular argument to which objection is made was the assertion of the county attorney in his closing argument, "You have here not just an ordinary citizen charged, you have a criminal", and again, "The magistrate set the bond and he set it as he should have, I think, bond for a murderer". At the time objection was made to the first remark hereinabove quoted the trial court admonished the jury not to consider the county attorney's statement for any purpose whatsoever in their deliberation. No objection was interposed to the argument where the county attorney classified the defendant as a murderer.

We seriously doubt that the jury was as much affected by the argument of the county attorney as counsel for defendant suggest. The proof showed that the defendant was a habitual violator of the liquor laws. No evidence was offered in his behalf, yet the jury under this record only assessed a jail sentence and a fine. In the recent case of Hathcox v. State, 94 Okla. Cr. 110, 230 P. 2d 927, 938, this court had occasion to discuss the alleged impropriety of the argument of the prosecuting attorney. It was there stated:

" 'The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration, and argumentation is wide. * * *'

"Counsel for both the state and the defendant should be allowed a wide latitude in presenting their arguments, but neither of them should be allowed to go outside of the record for the purpose of appealing to the passion and prejudice of the jurors. However, they may refer to the evidence and state their deductions therefrom and urge upon the jury the truth or falsity of any testimony given in the case. If during the argument counsel for the defendant thinks any of the statements made by the prosecutor are improper, it is his duty at that time to object and except to the impropriety of the remarks. It may be that such argument, if improper, could be corrected by withdrawing it from consideration of the jury and admonishing them not to consider it."

It is improbable that the objectionable remarks made by the county attorney affected the verdict for the reason that the court sustained the objection of counsel for the defendant and admonished the jury at length not to consider such argument for any purpose. However, an appellate court, where alleged improper argument is called to its attention, always has a difficult task to determine whether or not the admonition of the court to the jury is sufficient to correct the error that is made in the first instance by reason of the improper argument. As counsel for the defendant states, "It is comparable to sticking a red hot poker in a man and then withdrawing it. The heat is withdrawn but the burn still lingers." When such a question is presented, we feel that where the state has made an error and there is any doubt at all as to whether it has affected the trial, the benefit of the doubt should be given to the accused. Accordingly, in order to serve the ends of justice, we are modifying the sentence which has been imposed against the defendant from five months in the county jail and a fine of $300 to 90 days in the county jail and a fine of $300, and the judgment and sentence as thus modified is affirmed.

BRETT, P. J., and POWELL, J., concur.