# CLARK v. STATE.

No. A-11567. July 2, 1952.

Rehearing Denied Aug. 6, 1952.

(246 P. 2d 422.)

Eagin & Eagin, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Ass't Atty. Gen., for defendant in error.

JONES, J.   The defendant, J. D. Clark, was charged by an information filed in the district court of Oklahoma county with the crime of burglary in the second degree; was tried; convicted; and sentenced to serve two years imprisonment in the penitentiary; and has appealed.

The only proposition presented by the appeal is the question as to whether the trial court erred in permitting the confession obtained from the defendant to go to the jury.   It was contended by the defendant that he was 17 years of age at the time the police secured the confession from him and that he did not waive any of the constitutional and statutory safeguards thrown around him for his protection, and that the statements purportedly made by him were inadmissible as a matter of law.

The defendant did not testify but the county attorney stipulated with his counsel that defendant at the time of his arrest was 17 years of age.

The proof of the state showed that on the night of March 27, 1950, a Mercury sedan automobile owned by one John Denton was broken into and several articles of clothing were taken.   The following morning when the burglary was discovered Mr. Denton notified the policemen and the investigating officers were able to secure the fingerprints from the rear window of the automobile of the party who had committed the crime.   On May 5, 1950, the defendant was arrested on a charge of the unlawful possession of intoxicating liquor.   After he was incarcerated in the county jail it was disclosed that his fingerprints matched

the fingerprints made by the party who committed the crime of the burglary of the Denton automobile.

Officers J. W. Casady and M. B. Cooper talked to the defendant and defendant admitted the burglary. He told the officers where he had disposed of a ladies' fur coat and a suit of clothes taken from the automobile. As a result of this information these articles of clothing were recovered from two different parties in Oklahoma City. Each of these parties testified that they received the articles of clothing from the defendant shortly after the date of the burglary.

When the confession was sought to be introduced in evidence counsel for the accused objected to the admission of the confession. Whereupon the jury was excused and the court heard the evidence bearing on the confession in the absence of the jury, and thereafter denied defendant's motion to exclude the confession and permitted it to be given to the jury.

The court correctly followed the proper procedure and no complaint is made as to the instruction which was given to the jury. Counsel for defendant rely solely upon the age of the defendant and cite the case of Fields v. State, 77 Okla. Cr. 1, 138 P. 2d 124.

We adhere to the ruling laid down in the Fields case. It was therein held:

" 'Waiver' is voluntary relinquishment of a known right, and it must be the result of an intentional relinquishment of a known right, or an estoppel from enforcing it.

"The fact that the defendant, 17 years of age, under arrest, on a felony charge, in the absence of parent, guardian or counsel, was not advised of his constitutional right to refuse to answer questions that might incriminate him, should be considered as affecting the admissibility of any statements made by him purporting to be a confession of guilt.

"A defendant, 17 years of age, charged with a felony, in the absence of parent, guardian or counsel, is incapable of waiving the constitutional and statutory safeguards provided by law in a criminal action, unless it appears beyond all doubt that the minor defendant fully understands the effect and the results growing out of such waiver."

The police officers testified that they used no force, threats, or promises on the accused, but did tell him that his fingerprints matched those which were taken from the automobile at the time of the burglary. They further stated that they drove out to the home of the defendant and attempted to get hold of his father and mother but could not find them. They asked the defendant if he wanted to call a lawyer and defendant stated "no". They suggested that he call the lawyer who had represented the defendant on another case when he had been arrested for burglary, and defendant said that he did not want to talk to him as he had never paid him for the services he had performed. The officers told defendant any statement he made could be used against him.

As hereinabove stated, the defendant did not testify at either the time the court held the hearing in the absence of the jury on the admissibility of the confession, or during the trial before the jury. He had been in jail on other occasions and had been under investigation for the commission of other crimes. He was not inexperienced nor frightened by reason of the fact that he was being questioned by police officers. We are convinced beyond all doubt that the defendant knew the effect of the statements he was making to the police officers.

In addition to that, if the confession had been excluded from consideration of the jury there was still overwhelming evidence of his guilt. His fingerprints

on the window of the automobile which was burglarized, the identification of the stolen goods which the parties who had possession of said clothing testified had been received from the defendant, were all sufficient to show the absolute guilt of the accused. He received only the minimum sentence of two years' imprisonment in the penitentiary. For that reason we would be impelled to conclude that even though the court had possibly erred in admitting the confession in evidence, it could only have been harmless error and certainly did not cause a jury to convict where they would not have convicted without the confession.

The judgment and sentence of the district court of Oklahoma county is affirmed.

BRETT, P. J., and POWELL, J., concur.