## PIERCE v. STATE.

No. A-11697. Jan. 21, 1953.

(253 P. 2d 194.)

Leonard G. Geb, Ponca City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

JONES, J. Benjamin Thomas Pierce was charged by an information filed in the county court of Kay county with the illegal transportation of intoxicating liquor; was tried; convicted; and sentenced to serve 30 days in the county jail and pay a fine of $100, and has appealed.

We shall consider the assignments of error in the order in which they are presented in the brief of defendant. It is contended that the trial court erred in overruling the motion to suppress evidence. At the time this motion was presented no evidence was offered on the part of the defendant in support of his motion. It is established law that the burden is upon the movant to introduce evidence to show the invalidity of the search. The law presumes the legality and regularity of all proceedings and accused charged with a violation of the prohibitory laws who raises the question of the invalidity of the search and seizure of contraband must assume the burden and introduce evidence

to show the invalidity of the search. Clasby v. State, 78 Okla. Cr. 45, 143 P. 2d 430; Phinney v. State, 90 Okla. Cr. 21, 210 P. 2d 205; King v. State, 92 Okla. Cr. 267, 222 P. 2d 771; Combs v. State, 94 Okla. Cr. 206, 233 P. 2d 314; Sykes v. State, 95 Okla. Cr. 14, 238 P. 2d 384. In addition the record shows that the accused was arrested by highway patrolmen for violating the rules of the road by reckless driving and after the arrest was made the whiskey, which was sitting in open view in the car, was seized. Such arrest was lawful and formed the basis for a lawful search.

It is contended that the county attorney was guilty of misconduct in displaying four bottles of whiskey to the jury prior to the trial and prior to the introduction of said whiskey as evidence. There is no merit to this contention. The record shows that the whiskey was placed on the counsel table in view of the jury as stated by counsel for defendant, but the witnesses in testifying for the state identified each bottle of the whiskey as being that taken from the defendant and they were admitted in evidence. If the whiskey had never been identified nor admitted in evidence, there might be a basis for the claim of prejudice but under the record we cannot see how the defendant was prejudiced by the placing of these bottles on the counsel table at the beginning of the trial.

It is next alleged that the county attorney was guilty of misconduct in his statement to the court at the conclusion of the case but before submission to the jury as follows:

"Mr. Doggett: I now ask the Court to take judicial knowledge of the fact this is blended whiskey of more than 3.2% alcohol."

We do not see how the defendant was prejudiced by this remark. There was no question but that the bottles contained whiskey. The trial court did not state that he was taking judicial knowledge of the fact that whiskey was intoxicating, but this court has several times stated that this court would take judicial knowledge of such fact. Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625; Crouse v. State, 69 Okla. Cr. 24, 100 P. 2d 467.

It is next contended that the highway patrolman was guilty of prejudicial misconduct when he stated while testifying, "I've got all bootlegger's numbers written down". This statement of the highway patrolman was made in response to questions asked by the counsel for the defendant upon cross-examination in which he sought to show that the highway patrolmen knew the automobile of the accused when they saw it and was acquainted with the license number of his said automobile. At the time the statement was made by the highway patrolman counsel objected to such statement. His objection was sustained and the jury was admonished not to consider such statement in arriving at a verdict. No motion for a mistrial was presented on behalf of the defendant and counsel were apparently satisfied that the admonishment to the jury was sufficient to cure any error which might have been made by reason of the making of such statement. The statement was not in direct response to the question which was asked and should not have been made. The patrolman, having been schooled in courtroom procedure, knew, or should have known, that it was improper to make a voluntary assertion from the witness stand reflecting upon the character of the accused. However, there was no defense offered in this case and apparently the statement of the patrolman had no effect upon the jury as will be seen from the punishment assessed.

The next assignment of error is the allegation that the county attorney was guilty of misconduct in his argument to the jury. This assignment of error is divided into two parts: (1) the county attorney allegedly improperly stated that the jury had a right to draw the inference defendant was in the whiskey business; (2) the county attorney allegedly commented on the fact that defendant

did not take the witness stand. The record does not sustain the first part of this assignment of error. There is nothing in the record to show that the county attorney made such statement as attributed to him, other than objection by the counsel for the accused, which objection was overruled. However, if such statement was made, there was evidence in the record from which it would be logical for the prosecution to conclude that the defendant was in the whiskey business because the testimony of the highway patrolmen showed that the defendant told them that the new Hudson which he was driving was not used to haul whiskey but only to make deliveries. This evidence, of course, would indicate that defendant was engaged in the whiskey business and it would have been legitimate for the county attorney to so argue in his statement to the jury.

As to the second part of such assignment of error, the record discloses the following:

"Mr. Huggins: Comes now the defendant and objects to the remarks made by the County Attorney in which he stated that this defendant could have put on witnesses in his defense, for the reason that it is prejudicial to this defendant. By the Court: Objection overruled and exception allowed the defendant. Mr. Huggins: Comes now the defendant and moves for a mistrial because of the statement that this defendant could have put on witnesses in his defense, which he didn't do. By the Court: Motion denied and exception allowed the defendant."

This court cannot conclude from the fact that an objection is made that the alleged argument to which objection was made was actually presented by the prosecution. Where the argument is not taken by the court reporter and transcribed and included as a part of the record on appeal if counsel wants to properly present alleged improper argument he should have the trial court make an affirmative finding that such argument was presented. This court is not in a position to state from the record before us whether such argument was in fact made. However, even though the record might be deficient upon this point, but assuming that the county attorney used the language quoted in the objection made by counsel for the accused, we do not believe that such language amounted to a comment upon the fact that the defendant did not testify as contemplated by the statute. 22 O S. 1951 § 701. In the case of Taylor v. State, 96 Okla. Cr. 188, 251 P. 2d 523, 526, this court reviewed the authorities and held the statement of county attorney in argument to the jury, "The evidence of the state is not contradicted", was not a comment upon the failure of the defendant to testify as a witness in his own behalf within the meaning of the statute. The alleged language used by the county attorney in this case was not so strong as that discussed in the Taylor case, supra, and certainly where defendant fails to offer any evidence the prosecutor should not have been precluded from stating that the evidence of the state was uncontradicted. Clark v. State, 91 Okla. Cr. 210, 218 P. 2d 410.

We have examined the instructions and they seem to fairly present the issues to the jury and we do not feel there is any reasonable basis for holding that the defendant was denied a fair and impartial trial. The judgment and sentence of the County Court of Kay County is affirmed.

BRETT, P. J., and POWELL, J., concur.