# LITTKE v. STATE.

No. A-11902.

Criminal Court of Appeals of Oklahoma.

Feb. 24, 1954.

Percy Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

The defendant Tillie Littke was charged in the County Court of Custer County with illegal possession of seven one-half pints of whiskey; was tried, convicted, and sentenced to serve 30 days in the county jail and pay a fine of $50, and has appealed.

It is first contended that the evidence was obtained by means of an illegal search and seizure and that the trial court erred in overruling the motion to suppress the evidence. It is contended in support of said motion that the premises described in the warrant constituted the home of more than one family and that the search warrant was a blanket warrant, the descriptive part of the said warrant being as follows:

"* * * that said liquor was being disposed of and kept in the manner aforesaid by one Tillie Littke at and in the residence, other buildings, structures within the curtilage of said residence, and appurtenances thereto, and all automobiles and other vehicles, situated in and upon the real estate located in Custer County, State of Oklahoma, described as follows, to-wit: 812 Modell, Clinton, Oklahoma."

This court had a search warrant identical in language to the one here involved under consideration in a case against the defendant. Littke v. State, Okl.Cr., 258 P.2d 211, 213. We there held that the burden of proof was upon the person who alleged the invalidity of the search to introduce evidence to show the search was unlawful and that the accused had failed to sustain the burden. The search was sustained in that case.

We are convinced from an examination of the record in the instant case that the defendant has sustained the burden of proving the invalidity of the search. The proof showed that defendant lived in the residence described as 812 Modell, which is located on Lots 13 and 14, Block Three, Lancaster's addition to the city of Clinton. That she lived in a five-room residence and just west of the house, some eight or ten feet, and on the same lots, there was a garage with an apartment constructed over it. That the defendant used two of the garages for her own use, but that in the apartment a separate and distinct family lived, other than defendant, who rented the garage apartment from the accused.

Julius Radke testified that he and his wife lived in the garage apartment and had occupied it since renting it from the defendant on June 1, 1951, and were living there at the time of the search of the residence of the defendant on February 16, 1952. In Littke v. State, supra, this court in sustaining the validity of the search held that the garage apartment under the evidence was not within the curtilage of the residence of the accused. In that case the defendant in her testimony did not know whether the garage apartment was occupied or whether it had a street number different from the number of her residence, and there was proof wholly lacking which is supplied in this case. The testimony in that case also showed the garage apartment located farther from the house than the proof did in the instant case. A close question is here presented as to whether the garage apartment is within the curtilage of the residence of the accused, so as to be included in the description of the warrant wherein it is stated, " * * * other buildings and structures within the curtilage of said residence."

■ However, this court has repeatedly held that in order for a search warrant to be valid, it must so particularly describe the place to be searched that the officer to whom it is directed may determine it from the warrant, and that no discretion as to the place to be searched should be left to the officer. Barnett v. State, Okl.Cr., 232 P.2d 660; King v. State, 92 Okl.Cr. 267, 222 P.2d 771.

■ We think the point is well taken wherein the defendant contends as a matter of law that if this court should hold that the garage apartment was not within the curtilage that the officers, would necessarily have been required to exercise discretion in determining whether the garage apartment was also included in the property to be searched, inasmuch as the warrant directed the search of other build-

ings and structures located on said premises within the curtilage. It is plain that if the warrant did include the garage apartment, then it was void as a general or blanket warrant covering the private place of abode of two or more families. Williams v. State, Okl.Cr., 240 P.2d 1132, 31 A.L.R.2d 851; McMillin v. State, Okl. Cr., 234 P.2d 946.

■ The least that can be said is that the descriptive averments are so broad that the sheriff was forced to use his discretion to determine whether the property occupied by separate families was included in the descriptive averments of the warrant and the warrant was therefore void.

The above discussion effectively disposes of this case and the other assignments of error will not be discussed, except insofar as the argument of the prosecutor is concerned.

■ We feel impelled to note that the argument was even more outside of the record and prejudicial than the one in Littke v. State, supra, wherein we modified the judgment because of the unwarranted argument of the prosecutor. We approve and heartily commend the vigorous efforts of the county attorney of Custer County in the prosecution of his cases, but his overzealousness apparently sometimes causes him to exceed the bounds of propriety. We suggest that in all cases, and especially in cases where the evidence of guilt is clear, he should carefully refrain from going outside the record or making an argument that is not supported by the record or a reasonable inference or deduction from the evidence, which would subject a possible conviction to the hazard of being reversed on appeal because of improper argument.

The judgment and sentence of the County Court of Custer County is reversed and the defendant is discharged.

POWELL, P. J., and BRETT, J., concur.