## HARRELL v. STATE.
### No. A–11991.

Criminal Court of Appeals of Oklahoma.
May 26, 1954.

Baxter Lee Harrell, Jr., per se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

The defendant Baxter Lee Harrell, Jr., was charged by an information filed in the County Court of Comanche County with the unlawful possession of two cases of whiskey. A jury was waived, the defendant was tried, found guilty, and sentenced to serve 30 days in the county jail and pay a fine of $100.

The sole issue presented on appeal is whether the trial court erred in overruling the motion to suppress evidence based upon the contention that there was an illegal search and seizure.

The defendant testified that he drove his car off the highway into a pasture and went to sleep in the car; that he was awakened by a highway patrolman, who asked the question, "What are you doing with this whiskey in your car?" Defendant testified that he had two cases of whiskey behind the seats but that they were in the containers, unopened, and it could not be determined that the boxes contained whiskey until they were opened.

Two highway patrolmen testified that they were traveling east toward Lawton in the patrol car and saw the defendant's car parked on the north side of the highway facing north with the rear end of the car extending out on the paved part of the road to where it was creating a traffic hazard. That they stopped the patrol car and saw the defendant lying inside the automobile asleep; that the patrolmen hammered on the door glass and finally awakened the defendant, who opened the door to the automobile and stepped out; that

they observed defendant was drunk, searched the defendant and found a half-pint bottle of whiskey in his coat pocket, about one-third full; that they placed the defendant under arrest and then looked in the back seat of the automobile and saw the two cases of whiskey. One of the cases of whiskey was open with the bottles in plain sight. The other was unopened. The defendant was taken to jail and later entered a plea of guilty to being drunk on a public highway.

█ In the case of King v. State, 92 Okl.Cr. 389, 223 P.2d 773, 774, it was held:

"Whether search and seizure from an automobile, parked on a public street, without a warrant, is or is not unreasonable within the meaning of the Constitutional provision (Okla. Const. art. 2, § 30), forbidding unreasonable searches and seizures, is a judicial question to be determined in each case in view of all the facts and circumstances under which the search and seizure is made."

█ It is also established law that a trial court's finding on a disputed question of fact in connection with a motion to suppress evidence will be sustained on appeal where there is competent evidence in the record to support his finding. Glance v. State, 89 Okl.Cr. 1, 204 P.2d 296.

█ There certainly was abundant evidence in this record to show that the officers were legally justified in searching defendant's automobile and seizing the intoxicating liquor in question.

The judgment and sentence of the County Court of Comanche County is affirmed.

POWELL, P. J., and BRETT, J., concur.