## WISE et al. v. STATE.
### No. A-11989.

Criminal Court of Appeals of Oklahoma.
May 26, 1954.
Rehearing Denied June 16, 1954.

Carroll Samara, Lee Williams, Oklahoma City, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Ass't. Atty. Gen., for defendant in error.

JONES, Judge.

The defendants James R. Wise and Raymond Francis Wenthold were jointly charged in the Court of Common Pleas of Oklahoma County with the unlawful possession of whiskey; a jury was waived, the defendants were tried, found guilty, and each of them was sentenced to serve 30 days in the county jail and pay a fine of $50.

On appeal, two propositions are presented: (1) The court erred in overruling the motion to suppress evidence as to Wenthold. (2) The evidence was insufficient to sustain the conviction as to Wise.

As regards the first proposition, the evidence introduced on behalf of the defendant in support of his motion to suppress the evidence showed that certain policemen of Oklahoma City searched a service station, and in a sheet iron building to the rear of the service station found three and one-half pints of whiskey. Defendant Wenthold was present and was served with a search warrant, which described the premises to be searched as be-

 

ing "a one story concrete block building used as the office for a filling station, all out buildings and the premises located at 1901 West Reno Street in Oklahoma City." Defendant testified that in January, 1952, he received from the City of Oklahoma City a "notice to correctly number premises," which told him that the number of his premises had been changed to 117 South Pennsylvania Avenue, and that the block number on Reno, if a Reno address was used, was the 2100 block. On cross examination of Wenthold it was developed that the telephone company, in its directory which was issued in December, 1952, carried defendant's address as 1901 West Reno. The witness further admitted that at all times prior to the time the city had changed the number of the premises, it was known as 1901 West Reno. The search warrant named the defendant and accurately described the building.

Ray Peddicord, a policeman, testified that he procured the search warrant and made the search which resulted in the arrest of defendant; that he gave the number as 1901 West Reno on the warrant for the reason that he had known the premises for a long time and that was its correct street number and was the number by which it was described in the telephone directory. The service station operated by the defendant was on the corner of Pennsylvania Avenue and Reno Street, but it had always carried a Reno description instead of a Pennsylvania Avenue description.

We think there was sufficient evidence to sustain the finding of the trial court that defendant's premises were accurately described in the warrant. The rule to which we adhere is that on a hearing in connection with a motion to suppress evidence, the trial court's finding will be upheld where there is any competent evidence to sustain it. Glance v. State, 89 Okl.Cr. 1, 204 P.2d 296; Ellington v. State, Okl.Cr., 229 P.2d 902.

In vain have we searched the record for any competent evidence to sustain the conviction as to the defendant Wise. He was not present at the time the whiskey was found. The only evidence that in any way remotely connects him is the fact that his name appears as a part of the firm name in connection with the operation of the service station. However, the whiskey was found in the rear of the service station and immediately claimed by Wenthold. There was no introduction of any federal liquor stamp issued for the premises or other evidence to connect Wise with the possession of the whiskey.

It is therefore ordered that the judgment and sentence of the Court of Common Pleas of Oklahoma County be and the same is hereby affirmed as to Raymond Francis Wenthold and the case is reversed and dismissed as to defendant James R. Wise.

POWELL, P. J., and BRETT, J., concur.