**Seth STONE, Plaintiff In Error,**
**v.**
**STATE of Oklahoma, Defendant In Error.**
**No. A–12059.**

Criminal Court of Appeals of Oklahoma.
Nov. 17, 1954.

Rehearing Denied Dec. 8, 1954.

Carroll Samara, Lee Williams, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

The defendant, Seth Stone, was charged by an information filed in the Court of Common Pleas of Oklahoma County with the unlawful possession of intoxicating liquor, a jury was waived, defendant was tried, found guilty and sentenced to serve 60 days in the county jail and pay a fine of $500.

The sole question presented on the appeal is whether the trial court erred in overruling the motion to suppress evidence. This motion was directed at the description in the search warrant which reads:

"A two story frame and rock house and all out buildings located the third house east of highway No. 77 on the south side of N. E. 63rd St. adjacent to Oklahoma City."

Counsel for defendant in their brief state that there is no contention but that defendant's house was a frame and rock house and that it was east of Highway No. 77 and on the south side of Northeast 63rd Street adjacent to Oklahoma City. They make two contentions. First, the house was not a two story house but was a three story house and it was not the third house east of highway 77 on the south side of said Northeast 63rd Street.

One of the officers who made the search and the defendant testified at the hearing on the motion to suppress evidence. In addition, a photographer identified certain pictures which he had taken at the request of the defendant of the home of defend-

ant and other houses in that immediate vicinity, and the exhibits identified by this witness were admitted in evidence and attached to the casemade for our examination.

■ Officer Lynch testified that he knew the defendant well and had been to his home on many other occasions, but in order for the search herein to be valid, the warrant itself must so particularly describe the place to be searched that the officer to whom it was directed may ascertain the place from an examination of the warrant leaving him no discretion as to the place to be searched. King v. State, 92 Okl.Cr. 267, 222 P.2d 771; Barnett v. State, 94 Okl.Cr. 180, 232 P.2d 660; Littke v. State, Okl.Cr., 267 P.2d 614.

As to whether defendant's house which was searched was a two or three story house, there is very little conflict in the evidence. The officer said it was a two story house with a basement. Defendant said it was a three story house, but further in his testimony in response to the question as to what entrances he had to the house, he made this answer: "I have an entrance to the *basement,* and I got a back door that faces north out of the kitchen." The record discloses the following testimony by the photographer concerning the picture of defendant's house:

"Q. How many stories in that house could you see as represented by that picture? A. Represented by this picture?

"Q. Yes. A. Two."

There is more merit to the defendant's contention that the house was not the third house east of highway 77 on the south side of Northeast 63rd Street, than there is to the contention that it was a three story house. It is our conclusion from the evidence that there were four or five houses in the immediate vicinity between Northeast 63rd Street and Grand Boulevard, which was also referred to in the testimony as the Northeast Highway;

that all of these houses were on the south side of Northeast 63rd Street but some of them faced Grand Boulevard and would properly be called houses adjacent to Grand Boulevard. We think from the evidence that it would not have been difficult for an officer wholly unfamiliar with the premises to have located the defendant's house from the description contained in the warrant. It was admitted that there was no other house in the vicinity which was constructed of frame and rock except the house of defendant and it was either the third or fourth house from 77 highway depending on whether you count one of the houses on Northeast 63rd or on Grand Boulevard. This particular house faced Grand Boulevard but it also had an entrance leading out to Northeast 63rd Street. We think with the particular description of the kind of house to be searched and describing it further as a two story frame and rock house sufficiently identified the premises to where there was no discretion left to the officer as to the place to be searched.

■ The most favorable conclusion from the evidence in so far as defendant was concerned was that his evidence raised an issue of fact for the determination of the court. In such circumstances, this court has long adhered to the rule that the trial court's finding will be sustained where there is competent evidence in the record to sustain the finding. Griffin v. State, 90 Okl.Cr. 90, 210 P.2d 671; King v. State, 92 Okl.Cr. 389, 223 P.2d 773.

The defendant is a habitual offender having been convicted many times for various offenses including several violations of the prohibitory laws. He was caught with 512 half pints and 72 full pints of intoxicating liquor. The sentence was not too severe. The judgment and sentence of the Court of Common Pleas of Oklahoma County is affirmed.

POWELL, P. J., and BRETT, J., concur.