Gregory OLIVERA and Paul Parsons, Plaintiffs in Error,

v.

STATE of Oklahoma, Defendant In Error.

No. A–12873.

Court of Criminal Appeals of Oklahoma.

Aug. 3, 1960.

Ollie Gresham, Tulsa, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., Robert Simms, County Atty., Tulsa, for defendant in error.

BRETT, Judge.

This is an appeal by Gregory Olivera and Paul Parsons. They were charged in the District Court of Tulsa County, Oklahoma by information with the crime of second degree burglary. More particularly the information alleged the burglary was committed the night of November 15, 1959 on a filling station belonging to Boyd Spencer in Owasso, Tulsa County, Oklahoma. The front door hasp was pried off and a quantity of loose coins was removed from a cigarette machine, and $5 in ten rolls of pennies wrapped in red wrappers in a metal box was also taken. The defendants were tried by a jury, convicted, and punishment was fixed at 3½ years in the State penitentiary; judgment and sentence was entered accordingly, from which this appeal was taken.

The defendants demurred to the State's evidence, rested, and offered no proof in their own behalf.

They predicate their appeal upon the sole propositions that their written, signed and witnessed confessions to the burglary were not free and voluntary, but were illegally induced by promises of various officers; and second, that the sentence is excessive because of the County Attorney's improper arguments.

The record in this regard does not show an objection to the introduction of either of the confessions except that the confession of Olivera might be prejudicial to Parsons. The defendants offered no proof as to the contention of the involuntary character of the confessions, and the contention that they were obtained by promises made by the officers. To the contrary, the officers clearly established that the confessions were not only voluntarily made, but that they were not the result of promises, threats, intimidation, or abuse. The record discloses that they were advised of

their right to refrain from making a statement, and that they could have aid of counsel if they desired, but they told the officers in a joking way that they would find out the facts anyway and that they wanted to get it over with. There is nothing in the State's case that supports the defendant's contentions, except that they were 17 and 18 years of age. We are of the opinion that this fact standing alone is not sufficient to void a confession when the same is validly made under the law.

In Clark v. State, 95 Okl.Cr. 375, 246 P.2d 422, 424, the law applicable to such cases *is* clearly stated. Therein it was said:

"We adhere to the ruling laid down in the Fields case. [Fields v. State, 77 Okl.Cr. 1, 138 P.2d 124.] It was therein held: ' "Waiver" is voluntary relinquishment of a known right, and it must be the result of an intentional relinquishment of a known right, or an estoppel from enforcing it. The fact that the defendant, 17 years of age, under arrest, on a felony charge, in the absence of parent, guardian or counsel, was not advised of his Constitutional right to refuse to answer questions that might incriminate him, should be considered as affecting the admissibility of any statements made by him purporting to be a confession of guilt. A defendant, 17 years of age, charged with a felony, in the absence of parent, guardian or counsel, is incapable of waiving the constitutional and statutory safeguards provided by law in a criminal action, unless it appears beyond all doubt that the minor defendant fully understands the effect and the results growing out of such waiver.' * * * In addition to that, if the confession had been excluded from consideration of the jury there was still overwhelming evidence of his guilt. His fingerprints on the window of the automobile which was burglarized, the identification of the stolen goods which were recovered and which the parties who had possession of said clothing

testified had been received from the defendant, were all sufficient to show the absolute guilt of the accused. He received only the minimum sentence of two years imprisonment in the penitentiary. For that reason we would be impelled to conclude that even though the court had possibly erred in admitting the confession in evidence, it could only have been harmless error and certainly did not cause a jury to convict where they would not have convicted without the confession."

Such is the situation herein relative to the confessions. There is some doubt as to the defendants having been informed of the effects of the confessions; nevertheless, the admission of the confession herein could be only harmless error for the fact of the burglary was established by Boyd Spencer, and the finding of the stolen money in defendants' possession, and its identification by the filling station operator as his own, including the steel box in which the money was contained, as well as the wrapping around the rolls of pennies, in addition to the fact defendant Olivera, accompanied by officers, directed them to the Boyd Spencer filling station, the site of the burglary, clearly establishes the guilt of the defendants.

■ The defendants next contend that the penalty fixed by the jury was the result of prejudice engendered by the argument of the assistant county attorney. The assistant county attorney repeatedly referred to the defendants as those "thugs" and "punks" who came down here from Minnesota "to steal on their way, wherever they were going, stealing anything they could get their hands on", and otherwise went outside the record to indict the defendants. This argument was highly improper and should have been stopped by the judge and the jury should have been advised. Pebworth v. State, 88 Okl.Cr. 97, 199 P.2d 621; Rawls v. State, 86 Okl.Cr. 119, 190 P.2d 159. The argument was objected to and the objection was overruled, with no admonition to the jury. In this the trial court erred, but the defendant's counsel did not go further and ask the statements so made be excluded from the jury, (Hathcox v. State, 94 Okl.Cr. 110, 230 P.2d 927. Conway v. State, Okl.Cr., 320 P.2d 419.) but stood on the objection as overruled. It has been repeatedly held that counsel must not go outside the record of the case. Wright v. State, Okl.Cr., 285 P.2d 445; Sykes v. State, 95 Okl.Cr. 14, 238 P.2d 384. In a close case these remarks would constitute grounds for reversal. Rambo v. State, 63 Okl.Cr. 189, 73 P.2d 873; Walkup v. State, 89 Okl.Cr. 39, 205 P.2d 332.

We are of the opinion that the argument of counsel was improper and indefensible, and the assistant county attorney should in the future refrain from such remarks. His conduct may have induced the jury to impose a more severe penalty, nevertheless, in the face of the clear evidence of guilt it is not sufficient cause for reversal, but does, in the interest of justice, require modification (Rheuark v. State, 81 Okl.Cr. 60, 160 P.2d 413; 22 O.S.A. § 1066, Sharkey v. State, Okl.Cr., 329 P.2d 682) from 3½ years in the penitentiary to 2 years, and as so modified the judgment and sentence is Affirmed.

POWELL, P. J., and NIX, J., concur.