## HOMER KELLEY v. STATE.

No. A-6686.   Opinion Filed Aug. 3, 1929.
Rehearing Denied Oct. 19, 1929.
(281 Pac. 158.)

20

F. H. Hurst and W. H. Hussey, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted of selling one-half gallon of whisky, and sentenced to pay a fine of $100 and imprisonment in the county jail for a period of 60 days, from which sentence the defendant has appealed to this court.

The defendant demurred to the information, which demurrer was overruled, and defendant excepted. From an examination of the information we hold that the information sufficiently states facts sufficient to charge the defendant with the crime of selling intoxicating liquor, and to advise him of the offense charged against him. When the case was called for trial, the defendant objected to the introduction of any testimony on the ground that the information did not state a cause of action. Objection overruled, and defendant excepted.

The state called Harve Rollins as a witness, who testified in substance he knew Homer Kelley; he got acquainted with him in the fall of 1926; he and a man by the name of Newsom went to defendant's home, and Newsom asked the defendant for whisky; defendant told Newsom he could not have it; "we kept talking and arguing with him, and he brought out a little, and we drank it sitting on the car; before we left he brought out a half gallon, and Mr. Newsom purchased it from him; he told Newsom he wanted $6 for the half gallon, and Roy said he never had

any money but he would pay him later; Mr. Kelley accepted that and he brought the whisky out to the car and delivered it to Mr. Newsom, and we drove off. The defendant brought some whisky out in a fruit jar, I don't know how much there was in the jar, and we drank it there. I had not had any whisky that morning; I knew what I was doing when I got in the car; when we left there I don't know where we went; I came to my senses at home the next morning; I drank some of the whisky Newsom bought, I don't know how much; I was arrested at Park's filling station at Tipton; I cannot state what time of the month or what month it happened."

On cross-examination the witness stated he left the country the next morning, instead of going back to town, and when he returned he came to town and made a complaint against the defendant on November 30, 1926; defendant had talked to him once or twice since he had been arrested as to what he was going to swear at the trial.

The defendant testified in his own behalf, and denied selling Roy Newsom any whisky when the prosecuting witness was with him at defendant's home or any other time, and states he positively would not sell the whisky to Newsom on a credit. Two or more witnesses testified as to his previous good character.

Mr. G. M. Cecil testified that the reputation of Harve Rollins for truth and varacity was bad, and knowing that reputation he could not give his testimony full credit.

The defendant alleges the court committed several errors in the trial of the case; the first being, the court erred in overruling defendant's motion for a new trial; and, fifth, that the court erred in overruling motion of defendant for an instructed verdict of not guilty, at the

conclusion of the evidence offered both by the state and the defendant.

The testimony in this case is conflicting. The only witness called by the state as to the sale of the whisky stated he was with Roy Newsom at defendant's home when Roy bought the whisky from the defendant, that he agreed to pay him $6 for the one-half gallon, that no money was paid, and that the defendant sold Newsom the whisky on credit. He also stated that defendant brought out some whisky in a fruit jar, and that defendant Newsom and himself drank some of the whisky; as they went away from there, he became intoxicated and did not know where he was arrested by the officers, and did not know what took place until next morning when he woke up at home.

He stated he started for town next morning, but left and was gone for some time, and came back and wanted to know where he was setting, and went to town on the 30th of November, 1926, and filed a charge against the defendant for selling whisky to Roy Newsom. The defendant denied he sold any whisky to Newsom. Newsom was not called as a witness. The state made an effort to show that Newsom was out of the jurisdiction of the court and could not be found.

The defendant admitted he had a little whisky at his home, and that he gave Rollins and Newsom a drink of it, and that he took one himself, and they stayed around for some time and left. The testimony is positive as to the sale of the half gallon of whisky to Newsom, yet it seems incredible that a man engaged in the illicit sale of whisky would sell whisky on a credit.

The court properly declared the law to the jury, and the jury is the sole and exclusive judge of the witnesses and their demeanor on the witness stand, and the weight

it would give to their testimony. It has been repeatedly held by this court that where there was any competent testimony, though conflicting, this court would not disturb the verdict.

There are other errors assigned, but after a careful examination, we hold they are not of sufficient merit to justify a reversal of this case.

The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.