## JOHN SHAW v. STATE.

No. A-8320.   June 11, 1932.
(12 Pac. [2d] 550.)

Ellmore Pinnick, for plaintiff in error.

J. Berry King, Atty. Gen., and Gus Rinehart, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county of robbery and was sentenced to serve a term of 15 years in the state penitentiary.

390

The record discloses that at the time charged defendant assaulted and robbed one R. T. Chapman, taking from the person of Chapman some $60 in money. In this robbery defendant was assisted by Willard Shaw and Ed Bosford. We deem it unnecessary to recite the facts proven, but under the testimony there appears to be no reason to doubt the guilt of defendant.

The only assignment of error argued is that the court erred in permitting certain witnesses to testify, the name of one of whom had been indorsed on the information by leave of court the day preceding the trial; the names of the other two had been indorsed a few days prior to the trial, and without notice to defendant or his counsel. Defendant announced ready for trial, and, after the jury had been impaneled, counsel objected to these witnesses testifying for the reason their names were not indorsed on the copy of the information furnished defendant, and that he had no knowledge that they would be called. These witnesses testified in chief and were material.

Sections 2511 and 2550, Comp. St. 1921, provide for the indorsing of the names of witnesses on information in cases less than capital. This court has held many times in such cases that the names of additional witnesses may be indorsed at any time within the discretion of the court. Such indorsement is not error unless there is an abuse of this discretion. Nelson v. State, 5 Okla. Cr. 368, 114 Pac. 1124; Bigfeather v. State, 7 Okla. Cr. 364, 123 Pac. 1026; Star v. State, 9 Okla. Cr. 210, 131 Pac. 542; Montgomery v. State, 19 Okla. Cr. 224, 199 Pac. 222.

At the time the court overruled defendant's objection to the witnesses testifying, counsel noted an exception. He did not state to the court he was surprised at the appearance of these witnesses. He made no application to

withdraw his announcement of ready, made no application for a postponement or continuance on account of the appearance of these witnesses, nor asked time to procure witnesses to rebut their testimony. If we consider his position similar to that of a defendant where the court permits the indorsement of the names of additional witnesses after a defendant has announced ready for trial or a trial has begun, defendant may not rest upon a bare exception to the ruling of the court, but must withdraw his announcement of ready for trial and must file a motion for a postponement or continuance in which he should set up the facts constituting such surprise and what evidence, if any, he could produce if the case were postponed or continued, to rebut the testimony of such witnesses. To do otherwise is to permit a defendant to speculate upon the verdict of the jury, and, if it results in a conviction, to then claim a new trial on account of an abuse of discretion. Star v. State, supra.

This being the only contention made, the case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.