# LITTKE v. STATE.

No. A-11781.   June 3, 1953.

(258 P. 2d 211.)

Percy Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant Tillie Littke was charged by an information filed in the county court of Custer county with the unlawful possession of whiskey; was tried, found guilty by verdict of the jury, who left the punishment to be fixed by the court.   Thereafter, the defendant was sentenced to serve 30 days in the county jail and pay a fine of $250 and has appealed.

Two assignments of error are presented in the brief of the defendant: First, the court erred in overruling the motion to suppress evidence.   Second, the county attorney was guilty of misconduct in his argument to the jury.

The basis for the first assignment of error is the contention of the accused that the description in the search warrant used by the officers in making a search of defendant's place of residence covered the place of abode of two or more families and was what has been termed in law a blanket search warrant, and accordingly illegal and void.

The affidavit for the warrant and the warrant described the premises to be searched as the residence of one Tillie Littke, at 812 Modell Street, in the City of Clinton, Oklahoma, and "other buildings and structures within the curtilage of said residence."

The undersheriff of Custer county testified on the motion to suppress that he was one of the officers who made the search of the residence of Tillie Littke, located at 812 Modell street in Clinton, on August 3, 1951, and that a large quantity of intoxicating liquor was found in the northwest bedroom of the house. That the invalid father of the accused was lying on the bed in the room where the whiskey was found.

That about 10 or 12 feet west of the house of defendant was a garage apartment. The witness did not know whether the apartment was occupied or whether it was on the same premises as the house of accused was located.

The defendant testified on the motion to suppress that she lived at 812 Modell street, but was not at home at the time the officers searched her residence. That she had rented two buildings, one of which she occupied as a home, and the other was a garage apartment. She did not recall who was living in the apartment at the time the search was made, but thought it was a man and his wife. She further testified that she did not know whether there was a street number on the garage apartment. The property under her control was the east 80 feet of lots 13 and 14 of block 3, Lancaster Addition to the city of Clinton, which she was renting from one Joe Hatcher at the date of the seizure of the intoxicating liquor involved in the prosecution.

This court has held that a warrant is invalid which describes premises occupied by several different families so that it is, in fact, several places. Herrion v. State, 79 Okla. Cr. 48, 150 P. 2d 865; Sparks v. State, 77 Okla. Cr. 431, 142 P. 2d 379; Layman v. State, 90 Okla. Cr. 260, 213 P. 2d 300; Wallace v. State, 89 Okla. Cr. 365, 208 P. 2d 190.

If the warrant described the premises to be searched in the instant case as the east 80 feet of lots 13 and 14 of block 3, Lancaster Addition to the city of Clinton, instead of 812 Modell street, and the proof had affirmatively showed there were separate families living in the two buildings on such premises, then the authorities cited by the defendant would have controlled in the disposition of this case

The burden of proof is upon the person who alleges the invalidity of a search to introduce evidence to show that the search was unlawful. Enochs v. State, 81 Okla. Cr. 111, 161 P. 2d 87; Payne v. State, 84 Okla. Cr. 166, 190 P. 2d 193; Phinney v. State, 90 Okla. Cr. 21, 210 P 2d 205.

All that was shown by the proof of the defendant was that she leased a house and a garaze apartment on two lots, that she lived in the house and rented the apartment, although she was not sure about the occupants of the apartment at the time of the raid. The officers searched only the house specifically numbered 812 Modell, and did not attempt to search the garage apartment. If this warrant is invalid, it is solely because of the inclusion in the description of the phrase, "and other buildings and structures within the curtilage of said residence."

No authorities are cited which would sustain the conclusion that the apartment dwelling house was a part of the curtilage of the residence of the accused. Black's Law Dictionary, Third Edition, defines curtilage as follows:

"The curtilage of a dwelling-house is a space, necessary and convenient and habitually used for the family purposes, and the carrying on of domestic

employments. It includes the garden, if there be one, and it need not be separated from other lands by fence."

In Bruner v. State, 47 Okla. Cr. 241, 288 P. 369, this court defined curtilage as:

"A 'curtilage' in law means a small piece of land, not necessarily inclosed, around the dwelling house, and generally includes the buildings used for domestic purposes in the conduct of family affairs."

With the above definition of curtilage established, and applying the facts as shown on the motion to suppress evidence, we do not believe that a garage apartment occupied by a separate family could be treated as a part of the curtilage of the residence of the defendant, because it was not "used for domestic purposes in the conduct of family affairs" of the defendant.

We think there is substantial merit to the contention that the county attorney was guilty of making an improper argument to the jury wherein he stated:

"We had one bootlegger who came in and pled guilty and paid a fine and is doing his time in jail, but not Tillie, not her"

to which objection was overruled and exception allowed. The county attorney continued in his argument, " * * * but she thinks she can come in here and tell any kind of story she wants to tell and the jurors of this county will believe it. That is what she thinks, that is what she thinks." Objection was made and overruled, to which counsel excepted.

This court firmly believes that a liberal attitude should be taken toward the presentation of arguments by either counsel for the state or defendant to the jury, and a wide range of illustration and discussion should be allowed. But it appears to us to be improper argument when the prosecutor called to the attention of the jury that a bootlegger had entered a plea of guilty, paid his fine and was then serving his time in jail and inferentially stating that the accused was a bootlegger and that she was doing something not authorized by law when she asked for a trial of the question of her guilt or innocence. The defendant testified in her own behalf at the trial that the whiskey did not belong to her, that she was not present when the raid was made, and had never seen the whiskey which the officers allegedly seized. She further testified that she had never been convicted of any offense against the laws of the state. Irrespective of the defendant's testimony, we feel convinced of her guilt. More than 50 pints of intoxicating liquor, consisting of whiskey, gin, and alcohol were found in her residence. Her father, who occupied the residence with her was an invalid, who had been confined to his bed for several months. The defendant had leased the premises and was paying the rent and was the person in charge of the household. For that reason, we feel convinced that the jury would have convicted the defendant even though the improper argument had not been made. The jury did not fix the punishment, but left it to be fixed by the court. It may have been that if the improper argument had not been made, the jury would have fixed a lesser punishment than that subsequently fixed by the trial court, because it was the first conviction sustained by the accused. For the above reasons, we shall not reverse the judgment of conviction which was sustained, but in the interest of justice and on account of the improper argument of the county attorney, we shall modify the judgment and sentence which was imposed.

It is therefore ordered that the judgment and sentence of the county court of Custer county is modified by reducing the sentence from 30 days in the county jail and a fine of $250, to 30 days in the county jail and a fine of $100, and the judgment and sentence as thus modified is affirmed.

POWELL, P. J., and BRETT, J., concur.