**Donald BRITT, Plaintiff In Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12157.**

Criminal Court of Appeals of Oklahoma.

June 8, 1955.

442

Charles E. Grounds and M. W. Janes, Seminole, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in Error, Donald Britt, defendant below, was charged by Information, in the County Court of Seminole County, with the offense of driving an automobile on a public highway while under the influence of intoxicating liquor, in violation of 47 O.S.1951 § 93. The offense was allegedly committed on or about May 10, 1954, on Public Highway No. 99, at a point approximately two miles north in the City of Seminole, Oklahoma, in said County and State. The defendant was tried by a jury, convicted, his punishment fixed at $250; judgment and sentence was entered accordingly, from which this appeal has been perfected.

The sufficiency of the State's evidence is not in issue on this appeal, but we deem it advisable to summarize it, on the point of intoxication and driving. The record conclusively establishes that the defendant was driving the automobile in question. Moreover, it shows the defendant was thick of tongue, and staggering drunk. In fact, the sworn testimony establishes he was very drunk. The defendant left the scene of the offense, to which he was returned by a Highway Patrolman, and there voluntarily submitted to an Intoximeter Test. This test established the defendant had .44% of alcoholic blood stream content. It has been scientifically established that .05% alcohol blood content by weight makes the average person delighted and devilish, .15% makes him dizzy and delirious, .20% to .30% makes him dazed and dejected, .30% to .40%, dead drunk and .50%, dead. Toms v. State, 95 Okl.Cr. 60, 239 P.2d 812. It thus appears that the defendant was only .06% alcoholic blood stream content away from death. In Toms v. State it was held such tests are admissible along with other evidence, to be accorded such weight as the jury might think the result of such a test is worth. On the record, it thus conclusively appears not only the defendant was driving on a public highway, but that he was almost dead drunk.

The defendant seeks to escape the penalty imposed herein, on the technical ground that, the trial court erred in granting the State permission to indorse two additional witnesses on the Information at the time of trial. The defendant relies on the provisions of 22 O.S.1951 § 303, applicable to charges brought by Information, as follows:

"* * * He shall also indorse thereon the names of such other witnesses as may afterwards become known to him, at such time as the court may by rule prescribe. All information shall be verified by the oath of the prosecuting attorney, complainant or some other person. R.L.1910, § 5694."

444

He also relies on the case of Harding v. State, 95 Okl.Cr. 8, 238 P.2d 376, 377, holding as follows, to-wit:

" 'It is reversible error in a misdemeanor case for the trial court, over the objection of the defendant, to permit a witness whose name has not been indorsed on the information, to testify in chief for the state. But the court in the exercise of its discretion may permit the indorsement of the name of the witness by the state upon the information where it appears that, without plan or design on the part of the state, the name was accidentally omitted, or that the state had not learned the name of the witness until after the trial was begun, or in any case where it appears that the state has used due diligence in procuring the name of the witness and having it indorsed upon the information.' "

There is a distinction however, in the Harding case and the case at bar. In the Harding case, the defendant objected to the indorsement of another witness on the Information at the time of trial, on the ground of surprise, and asked for a continuance. In that case we held in effect that, upon such objections being interposed, "the burden was on the state to affirmatively show why the provisions of the statute, requiring the endorsement of state's witnesses on the information, had not been met." In the Harding case the state stood mute after proper objection on the ground of surprise had been raised and motion for continuance made. Hence, under those conditions, we held there was nothing upon which the trial court could exercise judicial discretion. In the case at bar, there was nothing to challenge judicial discretion, except the assertion "We Object". The defendant herein made no claim of surprise, and no motion or request for a continuance, for the purpose of making preparation to get the unexpected witnesses' testimony. We are of the opinion that, a general objection without any specification of reasons showing surprise, or possible prejudice, is insufficient to challenge the exercise of judicial discretion. The trial court's action in overruling such general objection does not amount to an abuse of judicial discre-

tion. We are further of the opinion that, the general objection was not sufficient to invoke the rule requiring the state to show that failure to indorse the new witnesses on the Information before the trial was without design or plan on the part of the state; that the omission of the name, or names, was accidental, or that the state did not learn the names of the witnesses until after the trial began, as stated in Harding v. State, supra. This holding is in harmony with the rule announced in Paschall v. State, 96 Okl.Cr. 198, 252 P.2d 175, wherein the rule was announced, as follows:

"The trial court in the exercise of judicial discretion may permit the name of a witness to be endorsed upon the information even after the trial has commenced. If defendant's counsel is surprised at such action and such endorsement of an additional witness requires a production of further testimony by defendant, he should withdraw his announcement of ready for trial and should file a motion for a postponement or a continuance in which he should set out the facts constituting such surprise, and the other evidence, if any, he could produce to rebut the testimony of such additional witness if the trial of the case was continued. Where he fails to do this the error, if any, is waived."

In fact, the rules of procedure in the Harding case and the Paschall case should be construed together, since they can readily be harmonized.

In the future, counsel seeking to invoke the rule against the indorsement of witnesses on an Information at the time of trial, should follow the procedure announced in Paschall v. State, supra, lest the objection be held to have been waived. County Attorneys seeking to excuse failure to indorse witnesses on the Information before trial, should be prepared to make the showing outlined in Harding v. State, supra, where the proper objection has been interposed, or face the possibility of reversal for failure to make such a showing, Harding v. State, supra.

We are further of the opinion that error herein complained of is without sub-

stantial merit. The evidence of the state's witnesses Lee and Moore was sufficient to sustain the verdict, without the cumulative evidence of the testimony of witnesses Forrest, Caffey, and Louis Forneris. Furthermore, the defendant could not have been surprised concerning Caffey and Forneris being called as witnesses, since they were present at the scene of the crime, shortly after the act was committed. The record discloses the defendant and his friends present at the scene of the alleged offense, under the record, knew that Mr. Caffey was owner of the truck being driven by Fred W. Lee, and that Highway Patrolman Forneris was at the scene investigating the crime. It is therefore obvious why no claim of surprise was interposed when it was requested that the names of witnesses Caffey and Forneris be indorsed on the Information.

We are therefore of the opinion that the error complained of herein, under this record, and the lack of prejudice to the substantial rights of the defendant, is insufficient to constitute grounds for reversal. The judgment and sentence herein imposed is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.