Byron NIXON, Plaintiff In Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12222.

Criminal Court of Appeals of Oklahoma.

Dec. 21, 1955.

Rehearing Denied Jan. 11, 1956.

James V. Whitley, Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

This is an appeal from a conviction sustained by the defendant, Byron Nixon in the County Court of Stephens County for the unlawful possession of five pints of whiskey.

Two assignments of error are presented: 1. The court erred in overruling a motion to suppress evidence. 2. The court erred in the admission of certain evidence.

The motion to suppress was based upon the contention of the accused that the search warrant did not correctly describe the premises possessed by the accused and which were searched by the arresting offices. Defendant testified that he rented the premises involved from D. T. Thomas and that the premises were about 100 feet long and 100 feet in width. Counsel for the accused then introduced in evidence the recorded deed to D. T. Thomas conveying a certain tract of land in Section 4, Township 1 South, Range 7 West which was described by metes and bounds and contained four and two-ninths acres. The search warrant was then introduced in evidence and the description in the warrant did not fit exactly with the description contained in the deed to Thomas. However, all of the description contained in the search warrant was of a part of the land which was conveyed to Thomas. No further evidence was introduced by the accused. There was no attempt on the part of the accused to show that the description in the search warrant did not cover the premises which were searched.

■ The burden was upon the movant in the motion to suppress evidence to introduce evidence to show that the search was illegal. Wilson v. State, Okl.Cr., 268 P.2d 585; Littke v. State, 97 Okl.Cr. 78, 258 P.2d 211; Kelso v. State, 97 Okl.Cr. 215, 260 P.2d 864.

■ Since the accused only had the possession of a tract of land about 100 feet square out of the tract conveyed to Thomas, the description contained in the warrant could very easily have included the premises occupied by the accused. At least the accused failed to testify that the description did not cover his premises.

■ As to the second assignment of error, there is considerable merit to a portion of the contention. The case was loosely tried and the court did, as contended by counsel, overrule some objections made by counsel to improper questions asked by the county attorney. However, the guilt of the accused was conclusively established, no evidence was offered on behalf of the defendant and the court's erroneous rulings in overruling objections on two occasions to certain questions asked by the county attorney of State's witnesses did not affect the outcome. The penalty of 30 days in the county jail and a $200 fine was not excessive and could not be said to have been prompted by passion or prejudice.

Affirmed.

BRETT and POWELL, JJ., concur.