Tillie **LITTKE**, Plaintiff in Error,

v.

**STATE** of Oklahoma, Defendant in Error.

No. A–12290.

Criminal Court of Appeals of Oklahoma.

Aug. 1, 1956.

Hughes & Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

Tillie Littke was convicted in the County Court of Custer County for selling intoxicating liquor and sentenced to serve 30 days in the county jail and pay a fine of $50.

The principal question presented by this appeal is whether there was a delivery of the whiskey to the alleged purchaser, as it is essential in order to sustain a conviction for the sale of intoxicating liquor to prove a consideration paid or promised by or in behalf of a purchaser to or in behalf of a seller and a delivery of the thing sold. Maladin v. State, 72 Okl.Cr. 80, 113 P.2d 201; Stevens v. State, 31 Okl.Cr. 376, 239 P. 273.

The proof of the State was furnished by the testimony of two officers who testified that they were standing just outside the ticket stand at the football field in the City of Clinton and a large crowd of spectators were entering the stadium. They saw Tillie Littke, the defendant, drive her automobile in front of the ticket stand and stop about 20 feet away. The lights were bright and they could see very plainly. A. J. Ryan went to the Littke car and handed the defendant a bill. They saw Mrs. Littke start to hand him a pint bottle of whiskey and the officers started toward the car, one of them going to each side of the automobile. Ryan got into the car. When the officers reached the automobile and Ryan learned they were officers, he dashed from the car and started to run and Officer Mack caught him after he had run about 25 steps. On the seat of the automobile where Ryan had been sitting was a full pint bottle of whiskey. Officer Allen told the defendant to come to the county court the next morning and as she started to leave in her automobile Ryan yelled, "Come back, you've got my ten dollar bill." The next morning in the office of the county judge Officer Allen asked defendant how much she charged for whiskey by the pint and she said four dollars and a half.

The sale of intoxicating liquor may be proved by circumstantial evidence the same as any other case. The instructions of the court plainly told the jury: " * * * unless you find in this case that the defendant, Tillie Littke actually delivered one pint of whiskey to A. J. Ryan and the said A. J. Ryan paid her for the same,

it will be your duty to return a Verdict of Not Guilty." It is true the officers did not see defendant deliver the whiskey to Ryan. They saw Ryan pay her money and saw her start to hand him a pint of whiskey and then Ryan got into her automobile. The delivery could have occurred after he got into the car as the officers could not see what transpired after Ryan got into the car. When Ryan fled upon the approach of the officers, the pint of whiskey was found in the seat. There was sufficient circumstantial evidence to indicate a delivery of the whiskey to Ryan after he got into the automobile. At least it raised an issue of fact for the determination of the jury.

■■ It is contended the information was defective for the reason that it failed to allege a delivery of the whiskey. No demurrer was filed to the information and the question was not raised until after the jury had been sworn to try the cause and then it was raised for the first time by an objection to the introduction of evidence. Under such a state of the record this court will uphold the information unless we can find that it was so wholly and fundamentally defective that it did not by any reasonable intendment allege the commission of a crime. The information in substance alleged that defendant "did unlawfully and wilfully sell one pint of whiskey to A. J. Ryan for a consideration of $4.50." A similar information has been sustained by this court. Kelley v. State, 45 Okl.Cr. 19, 281 P. 158. Under the circumstances shown by this record we do not believe the court erred in overruling the objection to the introduction of evidence at the commencement of the trial.

■ It is next contended that trial court erred in admitting incompetent evidence over objection of accused. This assignment is directed at the admission of the testimony of the officers that Ryan yelled at the accused as she started to drive away, "Hey, just a minute. You've got my ten dollars." We think this statement of Ryan was admissible as a part of the res gestae. In Hathcox v. State, 94 Okl.Cr. 110, 230 P.2d 927, 929, it was held:

"The term 'Res Gestae' means matters incidental to the main fact and explanatory to it, including acts and words which are so closely connected therewith as to constitute a part of the transaction, and without a knowledge of which the main fact might not be properly understood; the events themselves speaking through the instinctive words and acts of the participants, the circumstances, facts and declarations growing out of the main fact, contemporaneous with it and serving to illustrate its character."

■ It is contended that the assistant county attorney was guilty of misconduct in his argument to the jury. In his argument the prosecutor stated, "I know my good friend Hughes is going to argue there was never a delivery—Percy is going to tell you we didn't prove she handed it to him. The judge wouldn't let that go to the jury if that was the law." Counsel for the accused objected to the argument and moved for a mistrial. The motion was overruled and the court stated, "Gentlemen of the Jury, you are instructed not to let the statements of counsel confuse you about the law. If there is a conflict in what counsel says the law is and what the law is in the instructions, you will be governed by the law in those instructions." We think the court's admonition to the jury when considered with instruction number 4-A, part of which we have hereinabove quoted, corrected any possible error that might have been made by the prosecutor in his argument. We have examined the remainder of the argument of the prosecutor and do not find any misconduct on the part of the prosecutor in the remainder of his argument.

The accused is well known to this court. Littke v. State, 97 Okl.Cr. 78, 258 P.2d 211; Littke v. State, Okl.Cr., 267 P.2d 614.

Judgment and sentence of the County Court of Custer County is affirmed.

BRETT and POWELL, JJ., concur.