James B. **WILLIAMS**, Plaintiff-in-Error,

v.

The **STATE** of Oklahoma, Defend-
ant-in-Error.

No. A–14094.

Court of Criminal Appeals of Oklahoma.

Nov. 13, 1968.

Miskovsky, Sullivan, Embry, Miskovsky & Turner, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, James B. Williams, hereafter referred to as defendant as he appeared in the trial court, has perfected his appeal from a conviction of the crime of embezzlement, after former conviction of a felony. Defendant was convicted in the District Court of Tillman County, Oklahoma after being tried by a jury which on March 15, 1966, the jury assessed his pun-

ishment at twenty (20) years confinement in the state penitentiary, and payment of a fine of $26,000.00.

Defendant's motion for new trial was overruled and judgment and sentence was imposed on April 1, 1966, after which defendant perfected his appeal to this Court. His motion for new trial lists seven errors, which he discusses under ten proposition in his brief. Insofar as the defendant was charged as "after former conviction of a felony," a two-stage trial was conducted. After the jury returned its verdict finding defendant guilty of the embezzlement charge, the second part of the information was read to the jury which thereafter assessed punishment.

Defendant had been the administrator of the Tillman County Memorial Hospital at Frederick, Oklahoma. The State Examiner and Inspector completed his audit of the hospital financial affairs for the period January 1, 1964 to September 30, 1965, and transmitted a copy of his report to the Governor, which included his letter of transmittal containing his findings and recommendations as to action to be taken in accordance with State Statutes. The letter was a part of the total audit report. The Examiner and Inspector's comments stated that the hospital collections unaccounted for amounted to a total of $40,604.74. The report thereafter summarized the audit by Exhibits contained in the report.

Preliminary complaint was filed against defendant on February 9, 1966, and on February 21st defendant waived his preliminary hearing and was bound over to stand trial in the District Court, and on March 9, an application to endorse additional witnesses was filed, which the trial court granted. Defendant's trial commenced on March 14, and the jury returned its verdict the following day. During the course of the trial, the State introduced fourteen witnesses and a total of twenty-eight exhibits. Defendant demurred to the State's evidence and rested his case.

Defendant's first proposition contends it was error for the trial court to deny his request for continuance, because the address of the first witness was not endorsed on the information. The record reveals, on page 21 of the casemade, that defendant objected to the testimony of the witness, Hoyt Mitchell, after the first question was put to him. Counsel for defendant said, "I would like to object to the testimony of this witness because his address, town or residence, is not endorsed upon the information. The town of his residence, or his address, neither are endorsed on the information." After the court overruled his objection, counsel stated further, "Does the Court understand that I have asked for a continuance on that ground?" to which the court responded, "Yes". Beyond that exchange of remarks no specific request for continuance appears in the record. However, from the witness' testimony, it is ascertained that he was no stranger to defendant in that he had served on the Hospital Board for some ten years. Nowhere in the casemade does there appear a motion for continuance, filed on behalf of the defendant. Therefore we must conclude that defendant's objections were not well taken. This Court said in Evans v. State, Okl.Cr. App., 312 P.2d 908:

> "The trial court in the exercise of judicial discretion may permit the name of a witness to be endorsed upon the information even after the trial has commenced. *If* defendant's counsel is surprised at such action and *such endorsement of an additional witness requires a production of further testimony by defendant*, he should withdraw his announcement of ready for trial, and file a motion for a postponement or a continuance, in which he should set out the facts constituting such surprise, and the other evidence, if any, he could produce to rebut the testimony of such additional witness if the trial of the case were continued. *Where he fails to do this, the error, if any, is waived."* (Emphasis added.)

See also Crum v. State, Okl.Cr.App., 383 P.2d 45; Britt v. State, Okl.Cr.App., 285 P.2d 441; Paschall v. State, 96 Okl.Cr. 198,

252 P.2d 175; and Shaw v. State, 53 Okl.Cr. 389, 12 P.2d 550.

Defendant's second proposition states: "The court erred in allowing the audit of the examiner and Inspector to be taken to the jury room containing a letter from the State Examiner and Inspector which contained highly prejudicial conclusions which were never admitted or explained."

■ The casemade reflects on page 96, during the direct examination of the State Examiner and Inspector, the prosecutor said with reference to the audit report, "I would like to offer this exhibit in evidence." Mr. Crane [defense counsel], "I have no objection." Thereafter the State Examiner and Inspector's audit report was admitted into evidence. Consequently, the jury was entitled to take the exhibit to the jury room.

■ Defendant's third proposition contends that the trial court should have instructed the jury that the defendant could be found guilty under the included offense of diversion of public funds under Title 21 O.S.1961, § 1463. We have examined the trial court's instructions given to the jury and find that defendant offered no objections to the court's instruction; we also find that defendant offered no suggested instruction to cover any special aspect of his defense. This Court has long held that it is the defendant's responsibility not only to settle the instructions to be given to the jury, but also that he should offer any objections to the trial court's instructions and if he has any suggested instructions they should be submitted to the court before the instructions are read to the jury. Failure to object to any of the court's instructions constitutes waiver of any defects, unless such be a fundamental defect. In this case, defendant's contended error is not fundamental.

This Court provided in the fourth paragraph of the syllabus to Meekins v. State, Okl.Cr.App., 420 P.2d 267:

"If a defendant is not satisfied with the trial court's instructions, it is his duty to request what he considers to be the proper instructions in writing; and unless the request is made, reviewing court will not deem the failure of the trial court to give an instruction reversible error, unless it is of such fundamental nature as to deny the defendant a fair and impartial trial."

■ Defendant's fourth proposition contends that it was error to admit "involuntary confessions" by defendant. In this proposition, defendant argues that the signed statement defendant gave to the former hospital bookkeeper, Mr. Armentrout, —wherein defendant admitted the improper taking of other hospital funds—was made under coercion and promise that the bookkeeper would withhold exposure of the situation if defendant would make restitution. We do not accept defendant's theory concerning the coercion; and after examining the cases cited to support his proposition we find that the factual situations are so different that they are not applicable to the facts in this case.

■ The second aspect of this proposition concerns defendant's statements to the Oklahoma Crime Bureau Agents, as the result of their knowledge and possession of defendant's signed letter to witness Armentrout. Agent Lee LaFerney testified that he read the Armentrout letter to defendant during their conversations in the hospital conference room, and asked him if the statements in the letter were true, and defendant stated that they were true, but he denied any knowledge of other shortages. Subsequent to that conversation, the agents interviewed the defendant again in their Oklahoma City offices but did not arrest the defendant. This admission, coupled with the fact that the Agent did not immediately place defendant under arrest, causes defendant to conclude that some promise must have been made to defendant, but he offers nothing but conjecture to sustain his conclusion. In face of the facts, defendant's conjecture is not sufficient to sustain his proposition.

The fifth and sixth propositions pertain to an alleged abuse of judicial discretion during the conduct of the trial. In the fifth

proposition defendant complains about the prosecutor's leading of witnesses on direct examination and cites eleven instances when he objected. On page 28 of his brief, defendant states: "We realize that in and of itself these eleven instances complained of are not in and of themselves reversible error: however they are presented as another part in the cumulative errors involved * * *" Defendant then compares this situation with the facts of a *close case* wherein such cumulative errors might "tip the balance." However, the closeness implied does not exist in the case at bar.

■ With reference to defendant's complaint in the sixth proposition that improper implications were made by the prosecutor, we do not accept defendant's reasoning as being sufficient to constitute reversible error in this case. Defendant cites Littke v. State, 97 Okl.Cr. 78, 258 P.2d 211, and quotes the fifth paragraph of the syllabus, as it pertains to improper remarks of the prosecutor in his closing arguments. However, in the body of the opinion this Court provided that it was improper argument when the prosecutor inferred that the defendant was a bootlegger, but went on to recite that more than fifty bottles of whiskey had been found in defendant's residence and concluded that notwithstanding her denial of ownership of the whiskey the court was convinced of her guilt. This Court then recited: "For that reason, we feel convinced that the jury would have convicted the defendant even though the improper argument had not been made." The Court reduced the trial court's punishment in the Littke case, supra. We therefore conclude that while the prosecutor's remarks were improper, they do not constitute reversible error.

■ Next, defendant complains that the trial court erred in the instruction given to the jury as to the Statutory punishment authorized by 21 O.S.Supp.1963, § 51. As we review the casemade we find that defendant did not offer any objections to the court's instruction to the jury at the conclusion of the second stage of the trial.

Consequently, he waived any objections thereto by his failure to timely object.

■ Defendant's seventh and eighth propositions will be discussed at the same time. Concerning defendant's complaint that the instruction given under 21 O.S. Supp.1963, § 51, indicated to the jury that the trial court had already found defendant guilty on the second stage of his trial by the use of the phrase "in this case", is the result of misapplication of the phrase. Such phrase clearly applies to the earlier reference made to a prior conviction. Paraphrasing the court's Instruction (B) clearly illustrates the intent, as follows:

"The statutes also provide, as applied to this case: That any person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows:

If the offense * * * upon the first conviction * * * be punishable by imprisonment * * * for any term exceeding five years, such person is punishable, *in this case,* by imprisonment in the penitentiary for any term not less than three years, and also pay a fine equal to double the amount in money or other property so embezzled." (Emphasis added.)

■ Likewise, notwithstanding the fact that said § 51 makes no reference to the imposition of a fine, the legislative intent for that section of the statutes is intended to *enhance* the punishment possible, under the circumstances, and therefore amends the punishment provisions provided in the statute under which the information was laid. In this case the information was laid under the provisions of Title 19 O.S.A. § 641, covering the embezzlement of Public Funds. Hence, defendant's contention is without merit in this respect.

■ The eighth proposition states the trial court erred in failing to sustain defendant's demurrer to the evidence offered at the second stage of the trial. As we review the record, the authentication of de-

fendant's former Texas conviction met all the provisions of Title 12 O.S.1961, § 485. We also conclude that said judgment and sentence had become final.

 Defendant's ninth proposition complains that the exhibits should not have been taken to the jury, because some of them were not properly admitted into evidence, and because of the great number of checks, tapes, etc., prejudiced the jury. We observe from the record that defendant's objection came after the jury had retired to consider the verdict. Such objections, even if it had merit, should have been taken before the jury retired to consider the verdict.

Defendant's last proposition sets forth that the sentence should be modified, if the Court does not consider his cited errors as being sufficient to reverse the case. We concede this proposition has some merit. Insofar as the prosecutor did make certain improper remarks, as contended in defendant's sixth proposition; and conceding that numerous items were offered into evidence—which are not available with the record before the Court, but to which reference is made in the record—which might have unnecessarily impressed the jury because of their multitudinous nature, and were only cumulative in effect, this proposition offers considerable merit.

As we review the record before the Court, the actual proof of embezzled funds did not reach the total sum of $13,000.00, which the jury must have reached by some means of conclusion in setting defendant's fine. Also, considering that the State Examiner and Inspector's letter to the Governor, which was included in the audit report and was taken to the jury room, showed a total figure in excess of $40,000.00 as being *"unaccounted for,"* but which total amount of funds was not actually proved to have been embezzled by defendant; this fact coupled with the mass of figures referred to numerous times during trial, could have had no other effect on the jury except to be sufficient to prove that some considerable amount of funds had been embezzled by defendant, but an amount less than that alleged in the information. Consequently, we are bound to reach the conclusion that the sentence imposed on defendant was excessive.

 We are therefore of the opinion that the sentence imposed on defendant in this case should be, and the same is, modified from twenty (20) years imprisonment to ten (10) years imprisonment; and the fine is modified from $26,000.00 to $13,000.-00 fine. Therefore, the judgment and sentence as modified is affirmed.

NIX, P. J., concurs.

BUSSEY, Judge (concurring in part):

I am of the opinion that the judgment and sentence should be affirmed without modification.