David L. STARKS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17970.

Court of Criminal Appeals of Oklahoma.

May 30, 1973.

T. F. Dukes, Hominy, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kenneth L. Delashaw, Jr., Legal Intern, for appellee.

BUSSEY, Judge.

In the District Court of Osage County, Case No. CRF–72–110, appellant, David L. Starks, hereinafter referred to as defendant, was charged, tried, and convicted for the offense of Burglary in the Second Degree; his punishment was fixed at two (2) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

Mr. Monroe Martin, Avant School Principal, testified that on February 21, 1972, he arrived at the Avant School and found the premises in disarray. His examination of the premises revealed eggs, taken from a cafeteria kitchen freezer, had been thrown about the gymnasium and lunchroom. Inside of the lunchroom, a small closet had been forcibly entered and candy, bottled soft drinks, and money kept in a freezer for milk purchases, had been removed from the premises. After Martin observed these conditions, he contacted the Osage County Sheriff.

Mr. Marvin Clark, Osage County Deputy Sheriff, testified that on February 21, 1972, he was summoned to the Avant Junior High School to investigate a burglary. Pursuant to his investigation, he dusted for latent fingerprints, successfully lifting an impression from a refrigerator located inside of the kitchen area of the Avant School Cafeteria. This impression was placed upon a card and marked and identified at trial as State's Exhibit No. 2. After further investigation and an interview with two boys a few days following this incident, defendant was arrested and a sample of his prints were rolled. Subsequently, the sample and the latent impression lifted from the above mentioned location, were both sent to the Oklahoma State Bureau of Investigation Laboratory for analysis.

Larry Peters, an agent with the Oklahoma State Bureau of Investigation, testified he made a comparison of State's Exhibit Nos. 2 and 3, the sample prints taken at the time of the investigation and at the time of the defendant's arrest. Peters stated that in his opinion the fingerprint samples, on State's Exhibit Nos. 2 and 3, were made by the same person.

The testimony of two juveniles, Billy Malby and Mike Brummett, revealed on February 19, 1972, Malby and Brummett had begun a camping trip and walked to defendant's house to borrow a hatchet. After a short conversation, Malby and Brummett continued toward Bird Creek to

set up their camp. At approximately 10:00 p. m., they returned to defendant's house and the trio proceeded toward the Avant School. Upon arrival, defendant, with a knife, picked or pried open the lock on the back door of the school and the trio entered. While inside of the school they obtained and removed from the premises, a case of bottled soft drinks, a box of candy, approximately nine to ten cartons of milk, and approximately $3.00 found in a glass inside of the milk freezer. Defendant also removed from the kitchen a quantity of eggs and, according to their testimony, was independently responsible for the physical damage resulting from the eggs being thrown about the premises. Thereafter, they returned to defendant's home and upon departure from defendant's presence, had their lives threatened should they reveal the circumstances that had previously transpired. Upon their arrival back at the camp, they disposed of some of the objects they had removed from the school premises.

For the defense, Bill Bishop, Eva Bishop, Edward Starks and defendant testified that on the day of the 19th of February, 1972, defendant assisted Bill Bishop and his brother in the demolition of a garage located in Tulsa, Oklahoma. That evening, after returning from Tulsa at approximately 5:30 p. m., Bill Bishop left defendant in front of Edward Starks' home in Avant.

Edward Starks testified that he picked the defendant up at approximately 6:00 p. m. that evening and drove him about town for a short period of time. Following the drive, he and defendant drove to a beer bar called "The Cove."

Eva and Bill Bishop testified that they arrived at "The Cove" at approximately 6:30 p. m., stating defendant was either present at the bar when they arrived, or he arrived shortly thereafter. The four of them visited in the bar throughout the evening, later leaving together and driving about the town, arriving at their respective homes at approximately 12:00 to 1:00 a. m. Generally, defendant's evidence established

his alibi to be with these persons during the time he was alleged to have committed the instant offense. Defendant specifically denied any involvement in this incident.

■ Counsel's first proposition urges error was committed upon the trial court's permitting Billy Malby to testify at trial. This contention is founded upon the misspelling of Malby's name on the Information endorsement representing him to be "Billey Moller." Counsel contends sufficient notice was not provided to the defense. In non-capital offenses, the endorsement of additional witnesses has generally been held to be within the sound discretion of the trial court. Williams v. State, Okl.Cr., 447 P.2d 456 (1968). We find the instant situation within the purview of the above rule and within the sound discretion of the trial court. The name endorsed, even though misspelled, under the circumstances, was sufficient to place the defendant on notice that Billy Malby would testify. Consequently, the trial court did not abuse its discretion in admitting his testimony. For an elaborate discussion, directly on point with this issue, see Payne v. State, Okl.Cr., 276 P.2d 784 (1954).

■ In counsel's second proposition, it is submitted the testimony from the accomplices should have been suppressed as it was given in violation of their privilege against self-incrimination. The privilege of a witness against self-incrimination is a personal privilege. The accused has no standing to invoke the accomplices' privilege against self-incrimination. In the case of Castleberry v. State, 10 Okl.Cr. 504, 139 P. 132 (1914), this Court stated as follows:

"It is also contended that the evidence as to the photograph was inadmissible, because it compelled said witness Ruth Brady to give evidence which tended to incriminate her, in that it tended to show that witness was guilty of a violation of the criminal laws of the state prohibiting indecent exposure. Section 2463, Rev. Laws [1910]. It is elementary law, sup-

ported by all the authorities, that the privilege to refuse to answer incriminating questions is one personal to the witness, and an objection to a question for this reason should come from the witness, not the party. In Underhill on Crim. Ev., par. 247, p. 449, the rule is thus stated:

'The right to refuse to answer incriminating questions is personal to the witness. To preserve his right he must himself object. If he wishes to answer, he may do so, and neither the prosecution nor the accused has a right to object.' "

Since defendant had no standing to invoke accomplices' privilege against self-incrimination, the evidence was properly admitted and this proposition is without merit.

 Defense counsel, in his third proposition, submits the evidence is insufficient to support a jury's verdict. In this regard, we note that of the several contentions submitted indicating the evidence to be insufficient, only one warrants discussion. That contention addresses itself to whether the evidence is sufficient to corroborate the accomplices' testimony. The general rule is corroborative evidence must of itself, without the aid of the testimony of an accomplice, tend to some degree to connect the defendant with the commission of an offense; and independent evidence merely consistent with the main story is not sufficient to corroborate it, if it requires any part of the accomplice's testimony to make it tend to connect the defendant with the crime. Rider v. State, Okl. Cr., 494 P.2d 347 (1972). There is sufficient independent evidence in the instant case to connect the defendant with the commission of this offense independent of the accomplices' testimony. The fingerprint evidence alone, is sufficient to place the accused at the scene of the offense and is legally sufficient, considering the slight corroboration requirement, to tend to independently connect the accused with this offense.

 All other arguments submitted by defense counsel in this proposition allude to the weight, rather than the sufficiency, of the evidence in the instant prosecution. Where there is competent evidence in the record from which the jury can reasonably conclude the defendant guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is sharp conflict in the evidence and different inferences may be drawn therefrom, as it is the exclusive province of the jury to weigh the evidence and determine the facts. Graham v. State, Okl.Cr., 462 P.2d 309 (1969). We, therefore, find this proposition to be without merit.

The judgment and sentence is accordingly affirmed.

BLISS, P. J., and BRETT, J., concur.